**WESTERN PUBLIC SERVICE CO. v. ME-HARG, Secretary of State.**

(Motion 7370; No. 878—4634.)

(Commission of Appeals of Texas, Section A. Feb. 2, 1927.)

**1. Statutes ⬤⇒245—Statutes imposing taxes are strictly construed against the state.**

Statutes imposing taxes are to be strictly construed against the right of the state to collect.

**2. Statutes ⬤⇒245—Rule that statutes imposing taxes are strictly construed against state ought not to be extended to produce discriminatory taxation.**

Rule that statutes imposing taxes are to be strictly construed against the right of the state to collect ought not to be extended beyond its rightful concept so as to produce discriminatory distribution of taxation.

**3. Corporations ⬤⇒631—Foreign corporation's claim to franchise to be or act locally within state must be based on unmistakable permissive declaration.**

Foreign corporation has no right to franchise privilege of being or acting locally within a state, except as granted by declaration of sovereign in unmistakable terms, or by implication equally strong.

**4. Corporations ⬤⇒648—Foreign corporation has burden of showing franchise privilege.**

Foreign corporation claiming franchise privilege of being or acting locally within state must affirmatively show existence of such privilege.

**5. Corporations ⬤⇒370(2)—Corporation's authority to do business for more than one purpose is "corporate franchise," dependent on legislative grant (Rev. St. 1925, art. 1302, subd. 88, and arts. 1529, 1532, 7085).**

Corporation's authority to do business for more than one purpose or to use combined authority is a "corporate franchise," as much dependent upon legislative grant as the mere franchise to be or the franchise to act at all, in view of Rev. St. 1925, art. 1302, subd. 88, and articles 1529, 1532, 7085.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corporate Franchise.]

**6. Statutes ⬤⇒219—Law rather than departmental construction of statute must be followed.**

Court must follow the law rather than departmental construction of statute.

On motion for rehearing. Motion overruled.

For former opinion, see 288 S. W. 141.

Baker, Botts, Parker & Garwood, of Houston, and E. F. Smith, of Austin, for relator.

Dan Moody, Atty. Gen., and George E. Christian, Asst. Atty. Gen., for respondent.

NICKELS, J. The original opinion in the case is reported in 288 S. W. 141. The motion presents nothing that was omitted in original consideration; however, in view of the fact that counsel make a contrary insistence, we desire to supplement the former opinion.

[1-4] There is a rule, it is urged, to the effect that statutes imposing taxes are to be "strictly construed against the right of the state to collect," which rule, it is said, we must have ignored. We do not dispute existence of the rule or the justice manifest in its rightful application. Nor did we forget it. But in respect to the matter, it is not to be forgotten that the rule is but a rule which ought not to be extended beyond its rightful concept so as to produce that discriminatory distribution of taxation which is a characteristic of unjust government. And, too, in respect to the present case, it is to be juxtaposed with another rule of "strict construction," said to be "vital to the public welfare" and "axiomatic in jurisprudence" (Northwestern Fertilizer Co. v. Hyde Park, 97 U. S. 659, 666, 24 L. Ed. 1036), and meaning that a corporation has no right to claim a franchise privilege of being or of acting (locally) within a state except as the claim is rested upon a permissive declaration of the sovereign, couched in unmistakable terms or embraced in an "implication equally strong." When, as here, such a claim is made—

"the affirmative must be shown. Silence is negation, and doubt is fatal." Id. 97 U. S. 659, 24 L. Ed. 1036.

[5] Authority to combine two or more objects, or to use the combined authority, is a corporate franchise as much dependent upon legislative grant as is the mere franchise to be or the franchise to act at all. For domestic corporations the sole grant of that authority is to be found in the terms of subdivision 88 of article 1302, R. S. 1925. And in respect to foreign corporations it is provided, in article 1532, R. S. 1925, that:

"Such corporations, upon obtaining such permit, shall have and enjoy all the rights and privileges conferred by the laws of this state" on domestic ones.

Before obtaining that identity of "rights and privileges," as pointed out in the original opinion, the foreign corporation will have determined for itself whether it desires to use the combined franchise and will have applied for permission to do so, under the terms of article 1529, R. S. 1925. As pointed out, also, the grant of right to claim and use the combined franchise is conditioned upon obligation to "pay the franchise tax provided by law" for that number of corporations (each with a single charter purpose) equal to the number of corporate objects

combined. Unless, therefore, it can be said that the Legislature, in using the words "all the rights and privileges conferred by the laws of this state on corporations organized under the laws of this state" (article 1532), intended to say that a foreign corporation shall have more than all of those rights and shall have the privilege of using the franchise without paying for it, while a domestic corporation must pay for it, the tax named in article 7085, R. S. 1925, must be regarded as the "tax provided by law for each of the purposes" (article 1302, subdiv. 88, R. S. 1925). A different interpretation would extend the rule of strict construction of tax laws beyond all legitimate bounds and include a construction loosely in favor of the corporation in viewing the grant of franchise.

In the motion reference is made to our former expression of "a like parity of burdens" as a basis for the argument that prior enactments of franchise tax laws disclose an unequal "burden" as between the two classes of corporation, and thus exhibits refutation of the idea expressed by us. But there is in the argument a nonsequitur. The history of tax legislation of that kind will disclose a purpose to measure the tax imposed by the extent of contemplated user of the franchise within the state, and the distinctions noted by counsel will be found, upon analysis, to relate to the measure of the tax rather than to subjection to it or immunity from it. And the fact that different measures have been applied, as between domestic corporations and foreign corporations, is but recognition of state territorial lines in their effect upon the practical operations of corporations. It may be and probably is true that the pecuniary results do not and have never exhibited meticulous "parity of burdens," but do include and have included factitious discrimination, but that sequence appears, no doubt, in the train of all statutory exactions.

[6] In the original opinion it is shown that relator secured a permit for combined purposes in 1917, and up until 1925 made payments of franchise taxes as if it had but one purpose named in its permit. Acceptance of the payments, together with lack of effort to collect more, and together with advice given to the secretary of state by the Attorney General in 1923 to the effect that relator "was only required to pay one franchise tax for the three businesses," is taken as predicate for the assignment that:

"The court erred in refusing to follow the departmental construction given to subdivision 88 of article 1302, R. S. 1925, because such departmental construction has been in force for years and affirmed as correct by the Attorney General."

Complaint is made, also, that we did not specifically discuss this matter before. A court's duty, however, is to follow the law, as contradistinguishable from "departmental construction." As a matter of course, we have for the views of the Attorney General that respect which is due, but what has been said by us makes it plain, we think, that departmental construction has nothing to do with the case because it was erroneous. This matter was fully discussed in the petition for mandamus before the court when leave to file was granted, and when the former recommendations made by us were given disposition.

We recommend that the motion for rehearing be overruled.