

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Overruled by *M - 576* where conflict

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-6045
Re: Whether a marketing association
is authorized to engage in the
oil business or other purposes
not specifically mentioned in Art-
icle 5740, Vernon's Annotated Civil
Statutes, and related questions.

Attention:  Mr. R. J. Long, Head of Charter Division

     Your letter of May 24, 1944, requesting the opinion
of this department regarding the questions stated therein is
as follows:

    "This department has on file an application
for a permit to do business in Texas by the Indiana
Farm Bureau Cooperative Association, Inc., an In-
diana corporation.  We are accompanying this letter
with our complete file relative to this application.

    "This department has in its suspense fund $50.00
as the filing fee for said application.

    "Please advise this department on the following
questions relative to said application:

    "1.  Is a marketing association authorized to
engage in the oil business or other purposes not
specifically mentioned in Article 5740?

    "2.  Is a foreign marketing association required
to pay franchise taxes?

    "3.  Please define for the benefit of this de-
partment the powers of a marketing association as set
out in Article 5740, especially the powers to manu-
facture, sell, supply and finance.

    "4.  Should this department approve the enclosed
application for a permit?"

The Indiana Farm Bureau Cooperative Association, Inc., is an Indiana corporation, organized and doing business under the Agricultural Marketing Statutes of Indiana, which are in many respects, similar to Article 5740, Vernon's Annotated Civil Statutes. Said corporation has made application for a permit to do business in the State of Texas, and the purpose of the business desired to be transacted in Texas, as shown in the application for a permit, is:

"To engage in any activity in connection with the marketing or selling of agricultural products of its members, or with the harvesting, preserving, drying, processing, canning, packing, storing, handling, shipping, or utilization thereof, or the manufacture or marketing of the by-products thereof; or in connection with the manufacturing, selling or supplying to its members of machinery, equipment or supplies; or in the financing of the above enumerated activities; or in any one or more of the activities specified herein, and to extend such activity to non-members and their products as limited by Article 5738, as heretofore amended."

The foregoing statute was amended by House Bill No. 295, Acts of the 48th Legislature, Regular Session, 1943, authorizing citrus and other agricultural caretakers or organizations to organize and operate on a cooperative basis.

Chapter 8, Title 93, Vernon's Annotated Civil Statutes, pertains to marketing associations. Article 5740 of this Chapter provides:

"An association may be organized to engage in any activity in connection with the marketing or selling of the agricultural products of its members, or with the harvesting, preserving, drying, processing, canning, packing, storing, handling, shipping, or utilization thereof, or the manufacturing, or marketing of the by-products thereof; or in connection with the manufacturing, selling or supplying to its members of machinery, equipment or supplies; or in the financing of the above enumerated activities; or in any one or more of the activities specified herein. Provided, however, any such activity may extend to non-members and their products limited by Article 5738 as heretofore amended."

Article 5742, Vernon's Annotated Civil Statutes, designates a number of powers which any association organized under said Chapter 8, Title 93, possesses. Article 5744, Vernon's An-

notated Civil Statutes, sets forth certain requirements to be set out in the articles of incorporation.  Article 5763, Vernon's Annotated Civil Statutes, provides:

> "The provisions of the general corporation laws of this State, and all powers and rights thereunder shall apply to associations organized hereunder except when in conflict with the provisions of this chapter.  Provided, however, that any cooperative marketing association incorporated under the laws of any other State may apply for and be granted a permit to do business in this State and pay the same filing fee as required of domestic corporations organized for a similar purpose.  Provided further, that such foreign cooperative marketing associations shall not be required to have a paid-up capital or any portion of the capital paid-up in order to be entitled to such permit."

Article 5764, Vernon's Annotated Civil Statutes, provides:

> "Each association organized hereunder shall pay to the Commissioner an annual license fee of ten dollars but shall be exempt from all franchise or license taxes.  For filing articles of incorporation, an association organized hereunder shall pay ten dollars, and for filing an amendment thereto, two dollars and fifty cents."

Article 1529 and Article 1532, Vernon's Annotated Civil Statutes, are as follows:

Article 1529:

> "Any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or of any municipality of such State or territory, or of any foreign government, sovereignty or municipality, desiring to transact or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this State for a period of ten years from the date of so filing such articles of incorporation.  If such corporation is created for more than one purpose, the permit may be limited to one or more purposes."

### Article 1532:

"Such corporations, on obtaining such permit,
shall have and enjoy all the rights and privileges
conferred by the laws of this State on corporations
organized under the laws of this State."

It is not necessary to determine whether the charter
and the various amendments thereto authorize the above men-
tioned corporation to engage in the oil business and other
purposes not specifically mentioned in Article 5740, Vernon's
Annotated Civil Statutes, in States other than Texas. It is
clear that the corporations would not possess such powers
in this State. Generally speaking, apart from the limitations
which have been established by express enactment, the power
of any particular corporation is limited by the purpose for
which it was incorporated as expressed in the special statute
authorizing its creation or in the charter filed under the
general corporation statute. The principal rule that has been
formulated for the interpretation of charter powers is that
only such powers are given as are clearly embraced in the
words of the Act or charter or derived therefrom by necessary
implication in view of the object of the grant.

In every grant of corporate powers, there is implied
a power to do whatever is necessary or reasonable, appropriate
to the exercise of the authority expressly conferred. There
are numerous authorities supporting this statement , and we
deem it unnecessary to cite such authorities herein.

After carefully considering Chapter 8, Title 93, Ver-
non's Annotated Civil Statutes, it is our opinion that market-
ing associations organized under said chapter can be organized
only for the purposes as specified in Article 5740, and that
such associations possess only such powers as are set forth
in Article 5742 and those implied powers to do whatever is
necessary or reasonable, appropriate to the exercise of the
authority expressly conferred by said statute. It is our
opinion that a corporation organized under Chapter 8, Title
93, does not have any legal authority to engage in the oil
business or any other businesses or purposes not specifically
mentioned in Article 5740, and has the implied powers to do
whatever is necessary or reasonable, appropriate to exercise
the authority conferred by statute.

Specifically referring to your first question, you
are advised that it is our opinion that a foreign corporation
organized under statutes similar to the statutes contained in
Chapter 8, Title 93, supra, when it procures a permit to trans-
act business in this State, is not authorized to engage in the

oil business or other purposes not specifically mentioned or implied in Article 5740, although the charter of any such foreign corporation may authorize such corporation to engage in the oil business or other businesses not specified or mentioned in Article 5740. Referring to Article 1529, Vernon's Annotated Civil Statutes, in the case of Western Public Service Company v. Meharg, 288 S.W. 141, (rehearing denied 292 S.W. 168) it is stated:

> "In view of the comprehensive nature of the first declarations expressed in article 1529, it appears to us that the concluding sentence is permissive in favor of the corporation so long as the purposes named in its charter do not include some for which franchises are not grantable to domestic corporations and does not include a combination of purposes not permitted to domestic corporations. So long as the charter purposes are within this legitimate range, the foreign corporation is entitled to get that for which it asks. * * *"

As heretofore stated, a domestic corporation organized under Chapter 8, Title 93, would not have the legal authority to engage in the oil business or other purposes not specifically mentioned or implied in Article 5740, and in view of the opinion cited in the preceding paragraph, it is the opinion of this department that a foreign corporation could possess no greater powers than those of domestic corporations. Therefore, we respectfully answer your first question in the negative.

We now consider your second question. Article 7084, Vernon's Annotated Civil Statutes, requires that every domestic or foreign corporation heretofore or hereafter chartered or organized to do business in Texas, or doing business in Texas, shall pay a franchise tax according to the applicable provisions of said statute and the applicable provisions of Chapter 3, Title 122, Vernon's Annotated Civil Statutes. (Article 7084 being contained in said chapter and title)

Article 7094, Vernon's Annotated Civil Statutes, exempts certain corporations from the franchise tax heretofore mentioned. However, corporations such as the corporation under consideration is not exempt by said statute. Domestic corporations organized under Chapter 8, Title 93, Vernon's Annotated Civil Statutes, are exempt from franchise taxes. It is well established that the franchise tax is not a tax upon the property of the corporation nor upon its income, but is a charge made by the State against the corporation for the privilege of doing business in Texas. (See Hildebrand, Texas Corporations,

Vol. 3, page 420 and the authorities cited therein)

Article 7084, supra, requiring corporations to pay a franchise tax is a general statute.

Articles 7094 and 5764, Vernon's Annotated Civil Statutes, exempt certain types of corporations. In order for a corporation to avail itself of these exemptions, it must clearly show that it comes within the exemptions.

In the case of McCallum, Secretary of State v. Associated Retail Credit Men of Austin, 41 S. W. (2d) 45, referring to Article 7084 and Article 7094, Vernon's Annotated Civil Statutes, Judge Critz said:

"The rule is that where a tax is levied by a general law and one claims an exemption therefrom by reason of some exemption statute, he must bring himself clearly within the exemption. In other words an intention on the part of the Legislature to grant an exemption from the taxing power will never be implied from language that will admit of any other reasonable construction. Such an intention must be expressed in clear and unambiguous terms, or must appear by necessary implication from the language used."

We do not think that the corporation under consideration comes within the exemptions contained in Article 7094 or Article 5764. Therefore, it is our opinion that a farm marketing association having a permit to do business in this State is subject to the franchise tax as required by Article 7084. In connection with your second question, we have also carefully considered Section 1, Article 8 of the State Constitution, regarding equal and uniform taxation, and the authorities cited under said provisions. It is our opinion that our answer to your second question in no way contravenes the provisions of the Constitution heretofore mentioned.

Your third question is so broad and general that this department can serve no useful purpose by attempting to answer the same. If you have any particular question concerning the powers of marketing associations to manufacture, sell, supply and finance as mentioned in Article 5740, Vernon's Annotated Civil Statutes, we will be glad to give same our prompt attention. Therefore, we respectfully decline any answer to your question number three.

With reference to your fourth question, you are respectfully advised that it is the opinion of this department that you should approve the application of the Indiana Farm

Bureau Cooperative Association, Inc., to do business in this State. It will be noted that the purposes of the business said corporation desires to transact in Texas are such purposes as are mentioned in Article 5740, Vernon's Annotated Civil Statutes, and the purposes stated in said application do not reflect that the corporation desires to do in this State an oil business or any other businesses not specifically mentioned in said Article 5740. A permit granted under the application would not authorize the foreign corporation to conduct an oil business in this State or any other business in this State not authorized by Article 5740, Vernon's Annotated Civil Statutes.

When the Indiana Farm Bureau Cooperative Association, Inc., adopts the provisions of the Marketing Act, it adopts either intentionally or unintentionally, the above quoted Article 5740 as its purpose clause thus acquiring all the rights and privileges afforded by the Act, as well as becoming bound by its limitations.

The term "oil business" as used in this opinion is used as such term is ordinarily defined and understood, and as used in Subdivisions 36 and 37 and 38 of Article 1302, Vernon's Annotated Civil Statutes.

We are returning herewith the entire file accompanying your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:EP:wc

APPROVED OCT 4, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman