**Jack L. COKE, Temporary Administrator of the Estate of Hazel Long Coke, Deceased, Appellant,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts et al., Appellees.**

No. 11719.

Court of Civil Appeals of Texas.

Austin.

Jan. 14, 1970.

Rehearing Denied Feb. 4, 1970.

Jack L. Coke, Dallas, Coleman Gay, Austin, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., John R. Grace, Fisher A. Tyler, Asst. Attys. Gen., for appellees.

PHILLIPS, Chief Justice.

This suit was brought by Appellant as temporary administrator of the estate of Hazel Long Coke, deceased, against the Comptroller of Public Accounts, the State Treasurer and the Attorney General to recover a part of the inheritance tax paid by the estate under Tex.Rev.Civ.Stat.Ann. art. 14, Title 122A, of the Revised Statutes of Texas.

The question to be determined is whether interest paid on money owing at the time of Mrs. Coke's death could be claimed as a deduction either as expenses of administration or as "debts due by the estate" under Tex.Rev.Civ.Stat.Ann., art. 14.10, Title 122A. The deduction was not allowed and the amount said due was paid under protest.

In a trial to the court without a jury judgment was rendered for Appellees; consequently, this appeal.

We reverse and render judgment.

■ We hold that interest accruing after death on indebtedness owing by the decedent at time of death is properly deductible from the gross estate for inheritance tax purposes; and also such interest accruing after death is deductible up to and including the period allowed to close the estate and pay the tax due.

The facts in the case are uncontroverted. It was shown that at the time of her death, Mrs. Coke was heavily indebted, and, while her estate was solvent, it was not liquid. In order to pay all the debts it would have been necessary to sacrifice some of the assets. The record disclosed that the keeping of certain property was necessary for the preservation of the estate.

■ While there is no specific provision in the statute for permitting deduction of such interest art. 14.10 allows deductions for debts "due by the estate." A logical construction of the statute, bearing in mind that a taxing statute must be strictly construed against the State,[1] would permit the deduction paid on the debts of the estate up to and until the time that the estate is closed according to law.

This construction was followed by the only two cases on the subject[2] from other jurisdictions involving similarly worded statutes. Ballance v. United States, 347 F.2d 419 (7th Cir. 1965); Maehling v. United States, 20 AFTR 2d, Par. 147, 165 (1967), 67–2 U.S.T.C. (1967). There are no cases in point in Texas.

It is a fair presumption that persons charged at law with the settling of an estate will do all things possible to preserve the estate. This, in the long run, will inure to the benefit of the State.

We reverse and render the judgment of the trial court as indicated.

Reversed and rendered.

HUGHES, Justice (concurring).

The portion of Art. 14.10, Taxation-General, Vol. 20A, V.T.C.S., involved here, reads:

"Art. 14.10 Deductions

The only deductions permissible under this law are the debts due by the estate, funeral expenses, expenses incident to the last illness of the deceased, which shall be due and unpaid at the time of death, all Federal, State, County, and Municipal taxes due at the time of the death of the decedent, attorney's fees and Court costs accruing in connection with the assessing and collecting of the taxes provided for under this Chapter, * * *."

In construing this statute we are to apply the rule stated in Calvert v. Fort Worth National Bank, 163 Tex. 405, 356 S.W.2d 918 (1962), a suit involving the inheritance tax statutes, as follows:

"We begin with the premise that the statute imposes a special tax and must be strictly construed against the government. Where the meaning of such a law

---

1. Lewis v. O'Hair, 130 S.W.2d 379 (Tex. Civ.App., Austin, 1939, no writ).

2. The Attorney General has cited us to Lynch v. Kentucky, Tax Commission, Court of Appeals, Ky., 333 S.W.2d 257

as being contrary to the position we take in the case at bar. The case can be distinguished as the statute in question refers to "debts of the decedent" rather than debts of the estate.

is doubtful, the doubt should be resolved in favor of the taxpayer."

The very most that can be said of this statute here is that its meaning is full of doubt. If, as the State says, the death of decedent is the "cutoff date" why did the Legislature not follow the words "debts due by the estate" with the words "at the death of the decedent?" It was careful to use the qualifying words, "which shall be due and unpaid at the time of death," when exempting expenses incident to the last illness of the deceased, and again when exempting Federal, State, County and Municipal taxes it was careful to say "due at the time of the death of decedent."

If the Legislature had intended to restrict the exemption to debts due by the decedent at the time of his death, it could easily have said so. The fact that such words were not used as to "debts" but were used as to other obligations indicates that the omission was not an oversight by the Legislature.

It cannot logically or with any respect for grammatical construction be said that the qualifying phrase "which shall be due and unpaid at the time of death" following the words "expenses incident to the last illness of the deceased" modifies the words "debts due by the estate" for the reason that the words "funeral expenses" intervene and break any modifying connection between the two phrases; unless, of course, it could be said that the phrase "due and unpaid at the time of death" modifies "funeral expenses."

Furthermore, it would be rather ridiculous to hold that the phrase "due and unpaid at the time of death" modifies the phrase "debts due by the estate" for if debts have been paid they are no longer debts. It is plain to me that the Legislature was not willing to exempt all expenses incident to the last illness of the deceased but only those due and unpaid at his death, and it so provided.

The holding in Lynch v. Kentucky Tax Commission, 333 S.W.2d 257, Court of Appeals, Kentucky, (1960), relied on by the State was that inheritance taxes paid to a sister state were not deductible under a statute which provided, inter alia, "the following deductions and no others shall be allowed: (a) Debts of the *decedent* * * * (d) Federal estate taxes * * *" (Italics added). The Court in its opinion stated, "'Debts of the decedent' are debts which have accrued and are unpaid at the instant of death, not a debt which accrues by reason of death. * * * Allowance of a deduction for 'Federal Estate taxes' indicates that the omission from the statute of inheritance tax paid to a sister state was not an oversight."

All that the Court actually held in that case, on this point, was that inheritance taxes due a sister state were not "debts of the decedent." The Court could not, in my opinion, have rationally held otherwise. An obligation which did not exist during the life of the decedent and which came into being upon his death could hardly be classified as a debt of the decedent.

The obligation here, to pay interest, was created by the decedent and was a continuing obligation as long as the principal was unpaid. It (interest) was " * * * an integral part of a continuing debt. * * *" Bruning v. U. S., 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772.

The interest here was a debt of the decedent as well as a debt of the estate, if allowed and approved as required by law.

In Danzey v. Swinney, 7 Tex. 617, 625 (1852) the Court in discussing a claim against an estate being administered by an administrator said, "In fact, the law regulating the estates of deceased persons nowhere contemplates action on the mere allowance of a claim by an administrator. Such allowance is no test of the validity of the claim. Whether it shall be subsequently established depends upon the action of the probate judge. If it be approved by him, *it is then and for the first time to be ranked among the acknowledged debts of the succession; * * *"* (Italics added).

See Art. 146, Tex.Probate Code, Vol. 17A, V.T.C.S. for authority of independent executors as to claims.

There is no need to determine in this case whether the words "debts due by the estate" are limited to debts due by the decedent for the reason that the interest on obligations created by deceased falls within both classifications. I do wish to point out, however, that there is statutory authority for the creation of debts by estates which were never debts of the decedent. See Arts. 238, 329, Probate Code, V.T.C.S., Reinstein v. Smith, 65 Tex. 247 (1886).

I concur in the opinion of the Court.