Robert S. CALVERT, Comptroller et al., Petitioners,

v.

Jack L. COKE, Temporary Administrator, Respondent.

No. B–2014.

Supreme Court of Texas.

Oct. 7, 1970.

Rehearing Denied Nov. 18, 1970.

Crawford Martin, Atty. Gen., Fisher A. Tyler, Asst. Atty. Gen., Austin, Tex., for petitioners.

Coleman Gay, Austin, Coke & Coke, Jack L. Coke, Dallas, for respondent.

WALKER, Justice.

This suit was brought by Jack L. Coke, Temporary Administrator of the Estate of Hazel Long Coke, Deceased, to recover inheritance tax paid under protest. The only question is whether interest accruing after the decedent's death on indebtedness owing at the time of death is to be deducted in computing the net taxable value of the estate. The trial court concluded that the interest is not a proper deduction, but the Court of Civil Appeals held to the contrary. 449 S.W.2d 831. We agree with the trial court.

The controlling statute is Art. 14.10, V. A.T.S. Tax.-Gen.,[1] which provides as follows:

> "The only deductions permissible under this law are the debts due by the estate, funeral expenses, expenses incident to the last illness of the deceased, which shall be due and unpaid at the time of death, all Federal, State, County, and Municipal taxes due at the time of the death of the decedent, attorney's fees and Court costs accruing in connection with the assessing and collecting of the taxes provided for under this Chapter, and an amount equal to the value of any property forming a part of the gross estate situated in the United States received from any person who dies within five (5) years prior to the death of the decedent. * * *"

Interest accruing after death is deductible only if it constitutes part of the "debts due by the estate" within the meaning of this statute. None of the cases cited by the parties is particularly helpful. The courts in Ballance v. United States, 7th Cir., 347 F.2d 419, and Maehling v. United States, 20 AFTR 2d, Par. 147, 165, 67–2 U.S.T.C., Par. 12,486, were concerned with the provision of the Internal Revenue Code that authorizes the deduction for estate tax purposes of expenses of administration

---

1. All statutes cited by the article number will be found in V.A.T.S. Tax-Gen.

that are allowable under state law. Our statute does not state that all expenses of administration are deductible. The statute in Lynch v. Kentucky Tax Commission, Ky., 333 S.W.2d 257, referred to debts of the decedent rather than debts due by the estate.

The Court of Civil Appeals held that where indebtedness is owing by the decedent at the time of death, interest accruing thereon "is deductible up to and including the period allowed to close the estate and pay the tax due." It reasoned that the statute must be strictly construed against the State, that the Legislature was careful to specify that certain other deductions should be in the amounts due "at the time of death" and could have done so easily with respect to debts due by the estate, and that a logical construction would permit the deduction of interest "paid on the debts of the estate up to and until the time that the estate is closed according to law." Although the question has not arisen frequently, the departmental construction is to the contrary. The evidence shows that whenever an attempt has been made to deduct interest accruing after death, the claimed deduction was disallowed by the Comptroller.

We recognize that our inheritance tax statutes are to be strictly construed against the State. Where the meaning of the law is doubtful, the doubt will ordinarily be resolved in favor of the taxpayer. Calvert v. Fort Worth Nat. Bank, 163 Tex. 405, 356 S.W.2d 918. The rule of strict construction must not be given an application, however, that will defeat the intention of the Legislature, and it should never be extended beyond its rightful concept so as to produce unfair or arbitrary results. Western Public Service Co. v. Meharg, 116 Tex. 193, 288 S.W. 141, 292 S.W. 168; 51 Am.Jur. Taxation, §§ 315, 316.

Our statute clearly provides for deduction of debts due by the estate, but it does not specify the date to be used in determining the amount of the indebtedness. We are persuaded for a number of reasons that the Legislature did not intend for the deduction to include interest accruing after death. In the first place, the construction urged by plaintiff will lead to unfair and arbitrary results. Property passing to the sole beneficiary of an estate with assets of $1,000,000 and interest-bearing debts in the aggregate amount of $900,000 at date of death has the same net value as that passing to the sole beneficiary of an estate with assets of $100,000 and no debts. The income from the assets of the former estate could be used to pay interest on the debts and is not subject to inheritance tax, but the beneficiary of that estate would pay substantially less tax than the beneficiary of the unencumbered estate.

If the statute does not refer to debts due at the time of death, it is necessary to decide the date that is controlling in determining the amount of indebtedness. There are a number of possibilities: the date of partition and distribution, the date of closing the estate, the date of filing the final inheritance tax report, and the date on which the tax is due. It is our opinion that the Legislature did not intend for the deduction to be measured by the indebtedness owing on any of these alternative dates. Where there is no long-term indebtedness, the personal representative may be in position to pay most or even all of the debts promptly after he qualifies. If the statute required the deductible indebtedness to be determined as of one of the alternative dates mentioned, early payment of the debts would deprive the estate of a deduction that could be claimed if the debts were allowed to go unpaid. We doubt that the lawmakers intended to do anything that might encourage delay in paying debts owing by an estate.

There are additional reasons for believing that the Legislature did not intend for the deduction to include interest accruing up to the time the tax is due or the estate is closed. The deduction of "debts due by

the estate" has been authorized since 1923, but it was not until 1965 that the due date for payment of the tax was specified.[2] At all times since 1923, moreover, our statutes have provided that no final account shall be approved and no estate of a decedent shall be closed until all inheritance taxes have been paid. See V.A.T.S. Probate Code, § 410. The estate is to be settled and closed when all debts have been paid so far as the assets in the hands of the personal representative will permit and there is no further need for administration. V.A.T.S. Probate Code, § 404.

The inheritance tax is imposed upon the right of succession and not upon the property. State v. Hogg, 123 Tex. 568, 70 S.W.2d 699, 72 S.W.2d 593. In the usual situation where the beneficiary takes by will or under the laws of descent and distribution, the taxable event is the "passing" that occurs at the death of the testator or intestate. For many years the statute required that the assets be valued at the date of death, and it still provides for that valuation date unless the personal representative elects a later date as authorized by Art. 14.11. In our opinion "debts due by the estate" as used in Art. 14.10 means indebtedness owing at the time of the decedent's death, because that construction: (1) is entirely consistent with the basic statutory scheme; (2) prevents discriminatory treatment of taxpayers who succeed to property of substantially the same net value; and (3) avoids placing any premium on delay in the payment of debts owing by estates.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

2. Under the statute as adopted in 1923, the personal representative was required to file a preliminary report within one month and a final report within six months. Provision was made for the tax to be assessed by the county judge with the assistance of the Comptroller of Public Accounts. If the tax was not paid within three months after the assessment, a penalty of 2% per month was added. If the tax was not paid within nine months from the date of assessment, the county or district attorney was required to file suit for foreclosure of the tax lien. Acts 1923, 38th Leg. 2nd C.S., p. 63, ch. 29, §§ 11, 16-a, 18.