Frank D. PETERSON, Individually and as Independent Executor of the Estate of Marion E. Pivoto, Deceased, Appellant,

v.

Robert S. CALVERT, Comptroller of Public Accounts et al., Appellees.

No. 11853.

Court of Civil Appeals of Texas, Austin.

Nov. 3, 1971.

Rehearing Denied Dec. 1, 1971.

an inheritance tax, in addition to the return made by the executor in which he claimed a $10,000 exemption for each of the four beneficiaries, amounting to $28,-635.16. The devisee, Frank D. Peterson, who is also executor of the will, paid the tax under protest, and brought this lawsuit to recover the taxes.

The trial court entered judgment that plaintiff take nothing, from which this appeal was taken. We affirm judgment of the trial court.

Wells, Duncan, Beard, Greenberg & Hunt, S. L. Greenberg, Samuel C. Lipscomb, Beaumont, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace and Fisher A. Tyler, Asst. Attys. Gen., Austin, for appellees.

O'QUINN, Justice.

This case involves construction of the state inheritance tax statutes. The question to be decided is whether the language of Article 14.04 (Class C) " * * * to or for the use of a brother or sister, or a direct lineal descendant of a brother or sister * * * " includes a direct lineal descendant of the brother of the deceased wife of decedent.

The decedent, Marion E. Pivoto, died in August of 1967. His wife predeceased him, and there were no children born of their marriage. Decedent by will left his estate to three daughters of F. L. Pivoto, a brother of decedent, and to the son of his deceased wife's brother.

The Comptroller determined that the statutory exemption of $10,000 for a Class C beneficiary under Article 14.04 was not available to the son of the brother of decedent's deceased wife. Upon calculating the tax with this beneficiary under Class E (Art. 14.06), the Comptroller assessed

■ It is settled that the inheritance tax is a special tax and must be strictly construed against the State. Lewis v. O'Hair, 130 S.W.2d 379 (Tex.Civ.App., Austin 1939, no writ); Calvert v. Fort Worth National Bank, 163 Tex. 405, 356 S.W.2d 918 (1962). "The rule of strict construction," the Supreme Court recently declared, "must not be given an application, however, that will defeat the intention of the Legislature, and it should never be extended beyond its rightful concept so as to produce unfair or arbitrary results." Calvert v. Coke, 458 S.W.2d 913 (Tex.Sup.1970).

■ In construing an enactment by the Legislature, the courts are controlled by the fundamental rule that the intention of the Legislature is to be ascertained from the statute itself, not from isolated portions thereof, but from the entire act. City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273 (1951).

The Legislature levied the "basic inheritance tax" in this State in chapter 14 of Title 122A, Taxation-General (Arts. 14.01 through 14.11, V.A.T.S. Tax.-Gen.).

Art. 14.01 provides that "all property within the jurisdiction of this State * * * [with certain qualifications of the generality] * * * shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax * * * in accordance with the following classification. * * * "

The classification follows in Article 14.02 through 14.06. For brevity, we state the sub-classifications in outline:

Class A (Art. 14.02):

Property passing to or for the use of
  (a) husband or wife

  (b) any direct lineal descendant of husband or wife

  (c) any direct lineal descendant or ascendant of the decedent

  (d) legally adopted child or children

  (e) any· direct lineal descendant of adopted child or children of the decedent

  (f) husband of a daughter, or wife of a son.

Class B (Art. 14.03):

Property passing to or for the use of

  (a) the United States, to be used in this State.

Class C (Art. 14.04):

Property passing to or for the use of

  (a) a brother or sister, of the decedent

  (b) a direct lineal descendant, of a brother or sister, of the decedent.

Class D (Art. 14.05):

Property passing to or for the use of

  (a) *an uncle or aunt of the decedent*

  (b) a direct lineal descendant of an uncle or aunt of the decedent.

Class E (Art. 14.06):

Property passing to

  (a) any other person, organization, or institution not included in the classes (A, B, C, and D) or unless specially exempted.

For purposes of this decision, we are concerned only with Classes A, C, D, and E as they pertain to persons. Our reading of the articles establishing Classes A, C, and D, bring us to the conclusion that the Legislature intended, except in certain specified instances, to name only persons related by blood to the decedent. Three exceptions found in Class A are with respect to property passing from one spouse to the other, or passing to legally adopted children and their descendants, or to the spouse of a daughter or son. No exceptions are found in Class C or Class D, in which classes the persons named are further removed from the decedent than persons named in Class A. Class E finally deals with "any other person" not named in the classes of persons dealt with in A, C, and D.

Adverting specifically to Class C, it is noted that only brothers and sisters of decedent or the direct lineal descendants of brothers and sisters of the decedent are mentioned. The plain reading of the statute will not lead to inclusion, by inference or extension of the language, of a sister-in-law or brother-in-law of the decedent. No text, decision, or other authority we have examined defines brother or sister other than as a person who has the same father and mother with another person, or who has one of such parents. (See Restatement, Property, sec. 291(2) (b); 12 C.J.S., p. 373, and cases there cited; and Bouvier's Law Dictionary for examples.)

Class A starts with the persons closely related by blood to the decedent, making exceptions of spouses, adopted children, and spouses of decedent's children, to include them in the class with the blood kin. Class C and Class D follow with persons progressively further removed in kinship from the decedent. Having included, among persons named in Class A, in addition to blood kin, others recognized to be within the immediate family of the decedent, the Legislature proceeded to the next two classes without making further exceptions and without naming any person not related by blood to the decedent. If it had been the purpose and intent of the Legislature to include in Classes C and D persons related by affinity to decedent,

the pattern pursued in Class A could have been followed in the two succeeding classifications by adding specified persons related by affinity.

Whatever claim appellant as devisee has to being placed in Class C derives from the fact that he is a direct lineal descendant of a brother-in-law of the decedent. The brother of a wife is not related to his sister's husband. Only an affinity exists between the wife's brother and her husband, created when the wife and the husband were married. If the brother-in-law of decedent is not within Class C, it follows that his lineal descendants likewise are not within the class.

Appellant urges that as a matter of law the "nephew-in-law" should "properly be classified under Art. 14.04 (Class C) * * * for purposes of determining the inheritance tax due on property passing to him from" the decedent. "The Appellees contend," appellant asserts, "that the exemptions and rates of * * * [Class C] are not available to relationships created by affinity, but are only available to relationships created by consanguinity. Appellant's contention is that no such requirement of consanguinal relationship appears in Art. 14.04 (Class C) * * *".

We consider that appellant asks us to read into the statute (Class C) a class of persons not already included by the Legislature. The statute simply includes brothers and sisters of the decedent and the direct lineal descendants of the brothers and sisters of decedent. Appellant describes the devisee in dispute as "the nephew-in-law of Marion E. Pivoto, or as such relationship is more often referred to in common usage, his nephew." Upon that premise appellant urges us "to liberalize the statute in the interest of those having some legitimate character of claim to the donor's bounty, and this regardless of whether there be a legal kinship by blood or marriage," quoting from Lewis v. O'Hair, 130 S.W.2d 379 (Tex.Civ.App., Austin 1939, no writ).

Appellant suggests that the Class C provisions are subject to interpretation because the Legislature did not "limit the classifications to blood relatives" and therefore "the statutory scheme is to merely provide for the general classifications of relationship, both by blood and by marriage." By no definition or decision can it be said that "brother" of decedent also means "brother-in-law" of decedent.

If the meaning of a statute is doubtful, the doubt ordinarily will be resolved by the courts in favor of the taxpayer. Calvert v. Coke, 458 S.W.2d 913 (Tex.Sup. 1970). But if the statute by its plain language makes clear the intent of the Legislature, we are not required to apply this rule, but must look to the law itself. The Supreme Court "* * * has repeatedly held that the intention of the Legislature in enacting a law is the law itself; and hence the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify, or thwart it." City of Mason v. West Texas Utilities Co., supra.

By specifying in Class C only brothers and sisters of decedent and the direct lineal descendants of such brothers and sisters, the Legislature must have intended to exclude all other persons not so related to the decedent. The specification of one particular class excludes all other classes. State v. Mapel, 61 S.W.2d 149 (Tex.Civ.App., El Paso 1933, no writ); Harris County v. Crooker, 112 Tex. 450, 248 S.W. 652 (1923); State v. Richards, 157 Tex. 166, 301 S.W.2d 597 (1957). We are not here concerned with what may have motivated the decedent in making his brother-in-law's son a beneficiary of decedent's bounty. The language employed in the taxing statutes, which are not founded upon the solicitude the decedent may have toward an object of his bounty, "must be fairly and reasonably susceptible of including those sought to be included within the classification." Johnson v. Davis, 198 S.W.2d 129, 131 (Tex.Civ.App., Austin 1946,

writ ref. n. r. e.). As was said by a Delaware Court, "When the statute refers to brother or sister it means brother or sister by blood. This is too obvious for discussion." Stiegler v. Hibbert, 17 Del. Ch. 32, 147 A. 252, 253 (1929).

Appellant has urged error of the trial court under two points. We overrule point of error No. 2 that the case should be reversed because a nephew-in-law as a matter of law is properly classified under Class C for purposes of determining the inheritance tax. We hold that the Comptroller properly placed the son of a brother of decedent's deceased wife in Class E instead of in Class C. This decision renders unnecessary consideration of the first point of error to the effect that the State failed to establish by evidence that the Comptroller had consistently classified and taxed children of a brother-in-law under Class E. We make no holding as to this point.

The judgment of the trial court is in all things affirmed.

Affirmed.