

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 26, 1972

Honorable Robert S. Calvert        Opinion No. M- 1223
Comptroller of Public Accounts
State Finance Building             Re:   Taxing of motor vehicles
Austin, Texas 78711                      owned and leased by ori-
                                         ginal manufacturer pursuant
                                         to Article 6.01(7), as added
                                         by H.B. 730, Acts 62nd Leg.,
Dear Mr. Calvert:                        R.S., 1971.

        Article 6.01, Taxation-General, V.C.S. (H.B. 730, Acts, 62nd
Leg., R.S., 1971, p. 1193 at 1196) imposes a tax on the retail sale or rent
of a motor vehicle. Section 7 of Article 6.01 contains the following provision:

        "Any motor vehicle leased in this State and owned
by the original manufacturer must be registered in this
State and taxed in accordance with the provisions of this
Article. "

You have asked -- How are such vehicles to be taxed?

        The tax is to be imposed on the gross rental receipts from the lease.
The statute imposes the tax on every retail sale, and then defines retail
sales to include rentals. The provision of Section 7 quoted above, is a clear
manifestation of legislative intent to tax transactions involving vehicles owned
by the manufacturer. There has been no sale and no purchase in that instance;
therefore, the tax falls on the gross rental receipts even though there has
been no purchase for rental purposes. That is the only way the tax can be im-
posed on manufacturers "in accordance with the provisions of this Article. "
Other statutory constructions could present grave constitutional questions of
unequal treatment of competitors in the rental business. The overall purpose
of the statute is to "provide for the taxing of receipts from the renting of motor
vehicles. " (Caption, H.B. 730.) Where the legislative intent to tax is clear
and where the thing to be taxed is clear (receipts from the renting), a legis-
lative edict that any motor vehicle "owned by the manufacturer must be . . .

-5994-

taxed in accordance with the provisions of this Article" means that gross receipts of the manufacturer are to be taxed.

We are not unmindful of the general rule that statutes imposing a tax are strictly construed against the taxing authority; however, this rule of strict construction must not be given an application that will defeat the intention of the legislature, and it should never be extended beyond its rightful concept so as to produce unfair or arbitrary results. Calvert v. Coke, 458 S. W. 2d 913, 915 (Tex. Sup. 1970). In the present instance the legislative intent is manifest:

> "Any motor vehicle leased in this State and owned
> by the original manufacturer must be registered in this
> State and taxed in accordance with the provisions of this
> Article;"

furthermore, any construction of the statute that failed to impose the tax on leasing by an original manufacturer would produce the arbitrary and unfair result of taxing some in the leasing business but not others. The latter result would be constitutionally suspect.

The basic thrust of Article 6. 01 is to impose a tax of four percent on receipts from the renting of motor vehicles. The first sentence of Article 6. 01 as amended by H. B. 730, supra, levies a four percent tax on every retail sale. H. B. 730 amends the definition of retail sale in Article 6. 03 to include within its ambit, "rentals the gross receipts from which are subject to the tax imposed by this Chapter. " While it might have been better draftmanship to have placed a comma after the word "rentals, " lack of a comma does not change the meaning of the definition. If the definition be construed as including within the term "retail sale" only those particular rentals produced by a vehicle previously purchased for rental purposes, every rental is not covered and an arbitrary and unfair result ensues because such a construction leaves no basis for taxing a transaction producing rental income from a vehicle in the hands of the original manufacturer. This would be contrary to the expressed intent of the legislature to tax rental transactions involving vehicles in the hands of the original manufacturer. Where the intent of the legislature is clear it must be given effect because the intention of the legislature in enacting a law is the law itself. City of Mason v. West Texas Utilities Co., 237 S. W. 2d 273, 278 (Tex. Sup. 1971); Peterson v. Calvert, 473 S. W. 2d 314, 317 (Tex. Civ. App. 1971, error ref. ).

Article 6. 01 is not as clearly drawn as it might have been. Its various provisions are somewhat confused. Much of the confusion is caused by the placement of the second and third sentences of Article 6. 01, and the definitions of amended Article 6. 03, Section (E), "Rental or Renting, " and Section (F), "Lease or Leasing. " The first three sentences of the statute state:

"(1) There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to four percent (4%) of the total consideration paid or to be paid for said motor vehicle. In the case of a motor vehicle purchased to be rented or held for rental, the tax is levied on the gross rental receipts of the renting of such motor vehicle at the same rate as that tax levied in Article 20. 02 of this title. Provided, however, that where the period for rental is intended to be, for more than 31 days, such rental is deemed to be a lease as defined in this Article and the purchaser-lessor must pay the tax on the total consideration paid or to be paid for said motor vehicle. "

The second and third sentences provide for different tax bases where vehicles are in the hands of a purchaser and are used to produce rental income. If the period of rental is 31 days or less one basis is used; if the rental period is more than 31 days another basis is used. The definitions of amended Article 6. 03 define the former as "Rental or Renting" (Section (E)) and the latter as "Lease or Leasing" (Section (F)). The distinction has no meaning to the original manufacturer for the original manufacturer has not purchased the vehicle rented. The original manufacturer is taxed on the gross receipts of all rentals whether they be from transactions statutorily defined as rentings or leasings. The term rentals as used in the definition of retail sale in Section (B) of Article 6. 03 is generic; any other conclusion subverts legislative intent. All retail sales, by definition, include all rentals; therefore, all rentals are included, whether from agreements to rent covering 31 days, or less, or more. The specific definition of "rental" contained in 6. 03(E) has significance only in relationship to the differing tax treatments given transactions in the hands of a purchaser of a vehicle. The dual use of the word "rental" in Chapter six of the general tax statutes is very similar to the dual use of the word "producer" in Chapter three. See, Mobil Oil Corporation v. Calvert, 451 S. W. 2d 889,

891-892 (Tex. Sup. 1970).   In both Chapter three and Chapter six, the context of the statutes makes it clear that the word in question was used differently than in the specific definition.   This is in accord with the opening sentence of Article 6.03:

> "The following words shall have the following meaning unless a different meaning clearly appears from the context."

## SUMMARY

Any transaction by an original manufacturer agreeing to give exclusive use of a motor vehicle to another for any period of time and for a consideration is to be taxed on the basis of the gross receipts from the transaction.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Davis
Ben Harrison
Sig Aronson
Bill Campbell

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant