

# The Attorney General of Texas

December 13, 1984

M MATTOX
ttorney General

iprema Court Building
O. Box 12548
istin, TX. 78711- 2548
2/475-2501
ilex 910/874-1367
ilecopier 512/475-0266

!4 Jackson, Suite 700
allas, TX. 75202-4506
:4/742-8944

i24 Alberta Ave.. Suite 160
Paso, TX. 79905-2793
15/533-3484

.01 Texas, Suite 700
ouston, TX. 77002-3111
·3/223-5886

X6 Broadway, Suite 312
ibbock, TX. 79401-3479
06/747-5238

i09 N. Tenth, Suite B
icAllen, TX. 78501-1685
12/682-4547

)0 Main Plaza, Suite 400
an Antonio, TX. 78205-2797
·2/225-4191

n Equal Opportunity/
'firmative Action Employer

Honorable Luther Jones
El Paso County Attorney
201 City-County Building
El Paso, Texas 79901

Opinion No. JM-251

Re: Authority of the El Paso Bail Bond Board to define the term "designee" in article 2372p-3, V.T.C.S.

Dear Mr. Jones:

You inquire whether the El Paso County Bail Bond Board has authority to adopt a rule which defines or limits the term "designee" as it appears in article 2372p-3, section 5(b), V.T.C.S. We conclude that the board's adoption of a rule that adds additional qualifications for certain membership on the board exceeds the powers delegated to the board by the legislature.

Section 5(b) of article 2372p-3 provides the following:

(b) The County Bail Bond Board shall be composed of the following persons:

(1) the county sheriff or his designee;

(2) a district judge of the county having jurisdiction over criminal matters designated by the presiding judge of the administrative judicial district;

(3) the county judge or a member of the commissioners court designated by the county judge;

(4) a judge of a county court or a county court at law in the county having jurisdiction over criminal matters designated by the commissioners court;

(5) the district attorney or his designee;

(6) a licensed bondsman, licensed in the county, elected by other county licensees; and

>     (7)  a justice of the peace.

You advise us that the El Paso County Bail Bond Board adopted a rule to limit a "designee" on that board as follows:

> Designees to the Bail Bond Board shall be a person who is knowledgeable of the matters within the statutory members office and/or an employee of that department who could be considered an assistant.

Article 2372p-3, section 5(f)(1) allows a county bail bond board

> [t]o exercise any powers incidental or necessary to the administration of this Act, to supervise and regulate all phases of the bonding business and enforce this Act within the county, and to prescribe and post any rules necessary to implement this Act. . . .

In exercising the rulemaking authority granted by the legislature, an agency may promulgate rules and regulations which are constitutional, are within the granted power, and are adopted in accordance with proper procedure.  However, rules and regulations adopted by an agency in this state may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the authority granted to the agency by the legislature.  See Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. – San Antonio 1980, no writ).  See also Gerst v. Oak Cliff Savings & Loan Association, 432 S.W.2d 702, 706 (Tex. 1968); Kee v. Baber, 303 S.W.2d 376 (Tex. 1957).

A cardinal rule of statutory construction requires the courts to ascertain and be guided by the intention of the legislature as expressed in the statute.  See City of Sherman v. Public Utility Commission, 643 S.W.2d 681, 684 (Tex. 1983).  We believe that it is not the intention of the legislature to grant a bail bond board the authority to adopt the rule in question.

Section 5(b)(2)-(4) specifies that the designee of a presiding judge of the administrative judicial district must be "a district judge of the county having jurisdiction over criminal matters," a designee of the county judge must be a member of the commissioners court, and the designee of the commissioners court must be "a judge of a county court or a county court at law in the county having jurisdiction over criminal matters."  The statute does not include any specific qualifications for designees of the sheriff and district attorney.  We believe that a court would find that the express mention in the statute of very particular qualifications for certain designees is tantamount to an express exclusion of qualifications for all other

designees. A principal of statutory construction akin to the maxim that "the express mention of one thing implies the exclusion of another" is the principle that an agency may not by its own rules extend or add to the powers listed in the statute. <u>Peterson v. Calvert</u>, 473 S.W.2d 314, 317 (Tex. Civ. App. - Austin 1971, writ ref'd); <u>Ex parte McIver</u>, 586 S.W.2d 851, 856 (Tex. Crim. App. 1979). <u>See Bexar County Bail Bond Board v. Deckard, supra</u>; Attorney General Opinion MW-324 (1981). Hence, we conclude that the legislature intended to retain for itself the determination of the specific qualifications necessary for membership on a county bail bond board and did not delegate to the boards the power to impose additional qualifications.

In the absence of statutory language indicating a legislative intent that a county bail bond board have the power to add to the qualifications specified by the legislature, it is our opinion that such a board lacks authority to adopt a rule which requires a designee of the sheriff or district attorney to be an employee of the office of the appointing official or a person knowledgeable of the matters within the statutory member's office.

<u>S U M M A R Y</u>

A county bail bond board may not adopt a rule which requires that a designee of the sheriff or district attorney who is to serve on the board shall be a person knowledgeable of the matters within the appointing official's office or an employee of the office.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton