James William SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 44912.

Court of Criminal Appeals of Texas.

May 9, 1972.

Marvin Collins, Jack V. Strickland, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., John Harris, Ann Delugach and John Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the possession of dangerous drugs, to-wit: Lysergic Acid Diethylamide. The jury found the appellant guilty and assessed his punishment at 1 year in jail followed by a 12 month probation period. The court sentenced the appellant to 1 year in jail and struck from the jury's verdict, after the jury had been discharged, the provision for a 12 month probation period.

The appellant sets forth 11 grounds of error; only two of which we will discuss. The appellant contends, "The court erred in accepting the jury verdict on punishment which sets the appellant's punishment at confinement in jail for 1 year followed by a 12 month probation period." Second, the appellant contends, "The court erred in sentencing the appellant to confinement in jail for 1 year when the jury was not given a chance to reform its verdict."

During the jury's deliberations the following note was written to the court by the jury:

"*Question*: Can defendant have a sentence to jail plus a probation period?

*Example*: 12 mos. jail followed by 12 mos. probation.

*Answer*: Yes

J. C. Duvall" (Trial Judge)

The record discloses at the time the verdict was returned that appellant's counsel made the following statement to the court:

"MR. GLADDEN: * * * All I say is that I am making no exception at the present time but I do not agree that it is a proper verdict.

"THE COURT: All right. The defendant will please stand.

" 'We, the Jury, having found the defendant, James William Smith, guilty of the offense of unlawful possession of a dangerous drug, to-wit: Lysergic Acid Diethylamide, in Tarrant County, Texas, assess his punishment at one year in the county jail followed by a twelve month probation period. Signed Gene H. Martin, Foreman.' "

The jury was then polled individually and each stated that that was his verdict.

At the time of sentencing, the court repeated the verdict of the jury and then stated:

"THE COURT: I now sentence you to serve—

"MR. COLLINS: Your Honor, the defendant excepts and objects to the Court pronouncing sentence at this time for the following reasons: first, the part of the jury verdict which says 'followed by a twelve month probation period' fails to sentence the defendant to a period of time in jail which is then probated during the defendant's good behavior. Secondly, the defendant objects and excepts to this verdict because it is an improper verdict within the provisions of Art. 37.10 of the Code of Criminal Procedure, and said verdict should have been revised and corrected at the time the Jury returned it to the Court. Thirdly, Art. 42.13, Sec. 4 and Sec. 6(a) of the Code of Criminal Procedure provide that when a defendant is granted probation under the terms of the Probation Act, the finding of guilt does not become final, nor may the court render judgment thereon, until such time as the defendant violates one of the terms of his probation."

At which time the State moved that the court strike that portion of the jury's verdict "followed by a twelve month probation period" which said motion was granted by the court and the appellant was sentenced to 1 year in the county jail with all costs.

The State contends that since appellant did not object to the verdict prior to the jury's being dismissed, and only objected at the time of sentencing, that he had waived any objection to the verdict.

In Smith v. State, 424 S.W.2d 228 (Tex.Cr.App.1968) this Court held that where there was a plea of not guilty before the court and the court assessed a fine which was less than the minimum punishment that the judgment in that cause must be reversed.

In Stewart v. State, 422 S.W.2d 928 (Tex.Cr.App.1968) the court submitted four verdict forms, three of which were filled in and signed by the foreman. One form assessed punishment at $500 fine and another of the verdict forms, "We, the Jury, find the defendant guilty as charged and assess his punishment at 1 Yr. days in jail" and the third verdict form, "We, the Jury, find the defendant guilty as charged and assess his punishment at a fine of $500 dollars and 1 Yr. days in jail." The court entered judgment setting forth all three of the verdicts but provided for a recovery of a fine of $500, and committing appellant to jail for 1 year. This Court reversed the cause saying that the court had no way of knowing which punishment the jury intended to assess.

In Castro v. State, 118 Tex.Cr.R. 53, 42 S.W.2d 779 (1931) this Court held that a judge has no power to change a jury verdict unless it is with their consent and before their discharge.

The verdict having been received by the court and entered of record, the court in its judgment and sentence was not entitled to change the verdict of the jury. The verdict having been void at its inception and the trial court not having the authority to change the same in doing so committed reversible error. The remaining grounds of error will not be discussed.

The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.