**Jimmy Ray HANCOCK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46560.**

Court of Criminal Appeals of Texas.

March 7, 1973.

Guy McNeely, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Z. D. Allen, Asst. Dist. Atty., Wichita Falls, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

Appellant was convicted of the offense of felony theft on June 4, 1969; his punishment was assessed at six (6) years, and he was placed on probation. Condition No. 1 of the probation order reads:

"Shall commit no offense against the penal laws of this State or of any other State or the United States and shall not be convicted of any offense in violation of any of the penal laws of this State or of any other State or the United States, and shall violate no penal ordinances of any political subdivision of this State or any other State and shall not be convicted of any offense in violation of any penal ordinances of any political subdivision of this State or any other State."

A motion was filed by the State to revoke the probation, alleging that appellant did "on the 7th day of June, 1971, commit a crime against the State of Texas, to-wit: Assault with intent to kill, committed on one Terry S. Owens."

Said motion was heard on May 31, 1972, and the court after such hearing found that appellant violated the terms of his probation by committing the offense alleged in State's motion, and duly sentenced appellant.

Appellant by ground of error raises the contention that because the condition as set forth in the court's order of probation and copied in the motion to revoke

uses the word "and" between the phrase "shall commit no offense against the penal laws of this State or of any other State or the United States" *and* "shall not be convicted . . . ", etc., the burden was on the State to prove both the commission of the offense, and a conviction thereof. We find no merit in this contention.

Article 42.12, Sec. 6, Vernon's Ann.C.C.P., provides that the terms and conditions of probation may include, but shall not be limited to the conditions that the probationer shall:

"a. Commit no offense against the laws of this State or of any other State or of the United States;"

■ There is no requirement of a final conviction before an order of probation may be revoked. Day v. State, 474 S.W.2d 246 (Tex.Cr.App.); Carr v. State, 476 S. W.2d 329 (Tex.Cr.App.); Marshall v. State, 466 S.W.2d 582 (Tex.Cr.App.). Appellant contends, however, that because the court's order used the word "and" between the condition that appellant should commit no offense and the condition that he should not be convicted of any offense, the proof only of commission of the offense was not sufficient cause for revocation. Notwithstanding the use of conjunctive term, we construe the first condition or term of the court's order to be applicable separately to (1) proof of the commission of an offense, or (2) proof of a final conviction of an offense committed after the entry of the court's order.

Ground of error number two is to the effect that the evidence is insufficient to sustain a finding that appellant on the occasion in question committed the offense of assault with intent to kill. At the close of the evidence, the trial court dictated into the record his findings, one of which reads:

". . . it is my finding that on the evidence presented before me today that the defendant Jimmy Hancock has been proven to have violated the terms of his order of probation . . . that he committed an aggravated assault upon Mr. Owens . . ."

The record further shows that when the judgment was placed before the trial judge to be signed, he called to the attention of the prosecuting attorney the error in the finding of assault with intent to kill and asked that it be corrected to conform with his true finding. Evidently, through clerical error, it was not corrected.

The evidence was sufficient to reflect an attack upon Owens by appellant and others, from which Owens received a wound across the bridge of his nose and eyes requiring twenty-three stitches. Appellant does not in his brief controvert the propriety of a finding of the commission by him of an aggravated assault. Such assault is included within the offense alleged in the motion.

"Where, as in the present case, this Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal." Vasquez v. State, 477 S.W.2d 629, 635 (Tex.Cr.App.).

■ The order revoking probation is ordered reformed so as to reflect that the trial court found that appellant did on the 7th day of June, 1971, commit the offense of aggravated assault on one Terry S. Owens.

The judgment is affirmed.

Opinion approved by the Court.