Ex parte Alton McIVER, Jr.

No. 60072.

Court of Criminal Appeals of Texas,
Panel No. 2.

April 11, 1979.

Rehearing Denied Sept. 19, 1979.

A. Deniz Tor, J. Douglas Tinker, Corpus Christi, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

This is a post-conviction application for habeas corpus relief. The applicant did not present any evidence at the hearing in the convicting court, but we have a record of papers filed in the cause. It appears that on May 6, 1975, a jury found the applicant guilty of felony possession of marihuana. The issue of punishment was submitted to the jury with instructions which included six verdict forms. These verdict forms would permit the jury to assess, respectively:

1. confinement with probation recommended;

2. confinement with probation recommended, and a fine;

3. confinement with probation recommended, and a fine with probation recommended;

4. confinement;

5. confinement, and a fine; or

6. confinement, and a fine with probation recommended (only on the fine).

The jury chose form number 6, and it did "assess his punishment at 5 years confinement in the Texas Department of Corrections and hereby further assess a fine in the amount of 5.000 [sic] Dollars and we, the jury, do hereby recommend that such fine be probated for a period of 10 years." We find an instrument dated June 16, 1975, signed by the district judge, which says (in part),

"It is, therefore, Considered and Adjudged by the Jury that the defendant, ALTON McIVER, JR., is guilty of the offense of Possession of Marijuana, a felony, and that he be punished by confinement in the State Penitentiary for a term of not more than five (5) years nor less than two (2) years, and a fine in the amount of $5,000.00 with recommendation the fine be probated.

"The defendant advised that he did not waive the ten (10) days prior to sentence. On the 16 day of June, 1975, the defendant, ALTON McIVER, JR., and his attorney, appeared in Court for sentencing and the defendant was sentenced to serve not less than two (2) years nor more than five (5) years in Texas Department of Corrections, and

"It is, further, CONSIDERED, ORDERED AND DECREED by the Court that the imposition of the fine herein be and the same is hereby suspended and the defendant, ALTON McIVER, JR., as to such fine, shall be and is now placed upon probation for the term of ten (10) years, upon the following terms and conditions, to-wit: [a list of terms and conditions]."

The applicant alleges two grounds for relief. The first ground is that the verdict, judgment, and sentence are void because they make the applicant liable for confinement in the state penitentiary for a term of 15 years, which is more than the

maximum prescribed punishment of 10 years (Texas Revised Civil Statutes, Article 4476–15, Section 4.05(b)(1)). We cannot agree that these instruments can be construed to impose 15 years' confinement. It seems clear that the sentence of confinement is limited to 5 years and that the 10 years' probation (which began "now," i. e., on sentencing day), if revoked, would result only in imposition of a $5,000 fine, not in additional penitentiary time.

We do agree that the verdict, judgment, and sentence are void because they impose a punishment not authorized by law.

At the time when the applicant was tried and sentenced, Section 3a of the Adult Probation, Parole, and Mandatory Supervision Law (Texas Code of Criminal Procedure, Article 42.12) provided (in part): "Where there is a conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation upon written sworn motion made therefor by the defendant, filed before the trial begins. . . . In all eligible cases, probation shall be granted by the court if the jury recommends it in their verdict. If probation is granted by the jury the court may impose only the conditions which are set forth in Section 6 hereof." Therefore, the first sentence gives the jury the option either to recommend probation of the punishment it has assessed (as in verdict forms 1 and 3 submitted in this case), or to refrain from such recommendation (as in forms 4 and 5). Effective September 1, 1975 (after the applicant was sentenced), the Legislature added a second sentence[1] to the section, specifically authorizing the jury to assess a fine even though it has recommended probation of other punishment (as in form 2). Neither before nor after this amendment did Section 3a specifically authorize the jury to do the opposite: to assess other punishment (such as confinement) even though it has recommended probation of a fine which it has assessed (as in form 6, which the jury used in this case). Specific authority being absent, can authority for such a verdict be implied from the general probation authority given the jury by the first sentence of the section? We hold that it cannot.

▪ The act of the Legislature adding specific authority for the jury to impose a fine in addition to probated confinement implies that the general probation authority in the first sentence of Section 3a did not authorize such a verdict. This also implies that the general probation authority would not authorize a verdict like the one in this case which probates some, but not all, of the assessed punishment.

Prior decisions of this Court, construing a similar statute, reached the same conclusion. Like the first sentence of Section 3a of Article 42.12, the Misdemeanor Probation Law gives the jury a general authority to recommend probation.[2] We have held that the statute does not authorize the jury to assess confinement (without a recommendation of probation) and a fine with a recommendation of probation. *Taylor v. State*, 549 S.W.2d 722 (Tex.Cr.App.1977). That is exactly what the jury did to this applicant. We also have held that the statute does not authorize the jury to impose a non-probated penalty to be exacted from the defendant, to be followed by a period of probation. *Batten v. State*, 549 S.W.2d 718 (Tex.Cr. App.1977). This is essentially what the jury did to this applicant. The reasoning of those opinions equally applies to the felony probation statute, Section 3a of Article 42.-12.

---

1. "When the jury recommends probation, it may also assess a fine applicable to the offense for which the defendant was convicted." Added by 1975 Texas Acts, Chapter 110, Section 1.

2. "Sec. 3. (a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200.00 or by both such fine and imprisonment may be granted probation if [the defendant meets conditions (1) through (4)].

"(b) If a defendant satisfies all the requirements of Section 3(a)(1), (2), (3), and (4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. [Rest of subsection omitted.]" Texas Code of Criminal Procedure, Article 42.13.

This conclusion is strengthened by evidence in other sections of Article 42.12 which imply that confinement followed by a probated fine was not contemplated by the Legislature. Section 2.b of Article 42.12 defines "probation" as "the release of a convicted defendant . . . ." (Compare Section 2(2) of Article 42.13, which is substantially the same.) This implies that release is an essential ingredient of probation. Release is an ingredient of every possible jury verdict granting felony probation except the kind of verdict returned in this applicant's case. Compare verdict forms 1, 2, and 3 with form 6, above.

We also note that Section 6.h of Article 42.12 provides that the court can order a defendant to pay his assessed fine, without a sentence, while his other punishment is probated. There is no corresponding provision for the court to order a defendant to the penitentiary, without a sentence, while his other punishment (such as a fine) is probated.

What would happen to the applicant if he violated a condition of his probation after he had completed his sentence of confinement? Presumably the court would order his probation revoked. Section 8(a) of Article 42.12 authorizes the revoking court to "reduce the term of imprisonment" for certain reasons, but it does not speak to reduction of a probated fine, which apparently was not contemplated.

Upon revocation, the court presumably would have to enter a sentence imposing the fine. Therefore, there would be two sentences in the cause, a procedure otherwise unknown in Texas.

For these reasons, we hold that a jury in a felony case is not authorized to assess a punishment of both confinement (without a recommendation of probation) and a fine with a recommendation of probation. Courts should not submit forms such as form 6 used in this case.

In his second ground for relief, the applicant argues that the jury intended to give him probation, and that therefore both the confinement and the fine should be probated. To the contrary, it is clear that the jury's verdict would probate only the fine. Courts have no power to change a jury verdict unless it is with the jury's consent and before they have dispersed. Smith v. State, 479 S.W.2d 680 (Tex.Cr.App. 1972); see Texas Code of Criminal Procedure, Article 37.10. The jury also could have been retired again to deliberate. Texas Code of Criminal Procedure, Article 37.-10; Jones v. State, 511 S.W.2d 514 (Tex.Cr. App.1974). We cannot change this clear verdict.

The true problem with this verdict is that, because it assesses confinement followed by probation, which is not authorized by law, it was "void at its inception." Smith v. State, 479 S.W.2d 680, 681 (Tex.Cr. App.1972). The corresponding judgment and sentence also must be void. We will grant habeas corpus relief to a person in custody under a sentence which is void because the punishment is unauthorized. Ex parte Harris, 495 S.W.2d 231 (Tex.Cr.App. 1973).

The applicant is ordered released from all forms of custody, including confinement, parole, and probation, imposed by the judgment or sentence in cause 2830 in the 24th Judicial District Court of Jackson County. He is ordered delivered to the Sheriff of Jackson County to answer the indictment pending in that cause.

DOUGLAS, J., dissents.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

A panel of this Court, in a decision which we are now asked by the State to reconsider, held that a jury does not have the authority under Article 42.12, V.A.C.C.P., to assess a defendant's punishment at a term of confinement and a fine, with only the fine being probated.

In its motion for rehearing, the State relies on Section 1 of Article 42.12, supra, which provides in part:

It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. . . . It is the final purpose of this Article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of probations . . . in the public interest.

■ This provision serves as a guide for the interpretation of the statute. It expresses the spirit of the statute, and does not permit us to ignore the plain implication of the statutory language. Other provisions of Article 42.12, supra, make it clear that a punishment of imprisonment may not be combined with a probated fine.

In Section 2 of the statute, "probation" is defined as "the *release* of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended." (Emphasis added) As was noted in the opinion on original submission, this definition implies that a defendant placed on probation shall be released from confinement. That is not the case if the defendant is confined for a term of years and at the same time is placed on probation with respect to his fine.

Section 3 of the statute provides in part that trial judges have the power to suspend the imposition of sentence and "place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided." This language, which has been in the probation statute of this State since 1947, clearly distinguishes between an assessment of probation and an assessment of a fine.

■ Section 3a of the statute was amended in 1975 to provide in part that . . . When the jury recommends probation, it may also assess a fine applicable to the offense for which the defendant was convicted. . . .

The same distinction between the assessment of probation and the assessment of a fine is made here. This indicates that the Legislature did not contemplate that fines would be probated.

Section 3 states:

In all cases where the punishment is assessed by the Court it may fix the period of probation without regard to the *term of punishment assessed*, but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted. (Emphasis added)

This language indicates that probation is to be applied only to an assessment of punishment which includes a term of years. This excludes the probation of a fine by itself. See also Section 8(a) of the statute, which provides that if probation is revoked, the court may reduce "the term of imprisonment originally assessed" if it determines that it is in the best interests of society and the probationer.

At the time petitioner was sentenced Section 3a provided in relevant part:

Where there is a conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation upon written sworn motion made therefor by the defendant, filed before the trial begins. . . . In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict . . . .

The jury's option was limited to either recommending or not recommending probation of the punishment which the jury decided to impose. See the opinion on original submission. For felonies, such punishment necessarily includes a term of imprisonment.

■ Finally, the 1975 amendment of Section 3a specifically gave the jury, like the judge, the power to assess a fine in addition to recommending that the defendant be placed on probation with respect to his imprisonment. The Legislature did not

provide, and has not ever provided, that the jury or judge could do the converse, i. e., assess a term of imprisonment and probate the fine. It is a well-known rule of statutory construction in this State and elsewhere that the express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others. See 53 Tex.Jur.2d, Statutes, Section 142, pp. 205–207; *Peterson v. Calvert*, 473 S.W.2d 314 (Tex.Civ.App.1971, writ ref'd). This rule has been pronounced a logical, sensible, and sound rule of statutory construction. See *Carp v. Texas State Board of Examiners of Optometry*, 401 S.W.2d 639 (Tex.Civ.App.1966), aff'd, 412 S.W.2d 307 (Tex.1967); *City of Dallas v. Yarbrough*, 399 S.W.2d 938 (Tex.Civ.App. 1966, no writ); *Harris County v. Crooker*, 112 Tex. 450, 248 S.W. 652 (1923). In this case the Legislature's specific instruction that the jury can assess a fine applicable to the offense when it recommends probation of the term of imprisonment implies that the jury cannot do the converse without express statutory authority.

For the reasons expressed in this opinion and the prior panel opinion we conclude that this case was properly decided on original submission. Article 42.12, § 1, supra, does not require a different result.

The State's motion for rehearing is denied.