

# The Attorney General of Texas

May 6, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Reynaldo S. Cantu, Jr.
Criminal District Attorney
Cameron County Hall of Justice
974 E. Harrison Street
Brownsville, Texas    78520

Opinion No. MW-465

Re:  Compensation of county for transporting prisoners to Texas Department of Corrections

Dear Mr. Cantu:

You ask whether a contract can be entered into between the Texas Department of Corrections and Cameron County which would allow the county sheriff to be compensated on a "credit barter system" for expenses incurred in the transportation of prisoners from Cameron County to the state penitentiary. This would allow the sheriff of Cameron County to purchase items of personal property that are manufactured by the Texas Department of Corrections, and payment would be credited by the amount of costs incurred by the sheriff in transporting prisoners.

Article 6166r, V.T.C.S., deals with the transportation of prisoners and costs incurred, and provides as follows:

> The manager [now the Director of the Department of Corrections] shall make suitable provision and regulations for the safe and speedy transportation of prisoners from counties where sentenced to the State penitentiary by the sheriffs of such respective counties if such sheriffs are willing to perform such services as cheaply as said commission can have it done otherwise. <u>Said transportation shall be on State account</u>....
> (Emphasis added).

The statute indicates clearly and unambiguously the source of payment.

In Attorney General Opinion MW-218 (1980), this office concluded that:

> the Texas Department of Corrections is responsible for the <u>agreed cost</u> of transporting prisoners from a county to a facility of the Department.
> (Emphasis added).

Attorney General Opinion O-1808 (1940), in referring to article 6166r, V.T.C.S., stated:

> Under this statute he [the Director of the Department of Corrections] would have the authority to employ the sheriff of a county in which a person was convicted to transport such person to the penitentiary after his conviction upon such terms and for such compensation as was reasonable, and at the same time agreeable to said manager and to the sheriff so employed.

The question is whether the "terms" and "compensation" agreed upon between the Texas Department of Corrections and Cameron County can include a contract providing for a "credit barter system" as a means of compensation.

In order to resolve this question, we must look to article 6203c, section 9(1), V.T.C.S., which provides for the disposition of monies collected in the sale of prison-made products:

> All monies collected by the Texas Department of Corrections from the sale or disposition of articles and products manufactured or produced by prison labor in accordance with the provisions of this Act, shall be forthwith deposited with the State Treasurer to be kept and maintained in the industrial revolving fund authorized by this Act, and such monies so collected and deposited shall be used solely for the purchase of raw materials, manufacturing supplies, equipment, machinery and buildings used to carry out the purposes of this Act, to otherwise defray the necessary expenses incident thereto, including the employment of such necessary supervisory personnel as is unavailable in the prison inmate population, all of which shall be subject to the approval of the Texas Board of Corrections.... (Emphasis added).

This section establishes an industrial fund which is self-supporting; the diversion of articles or products in exchange for compensation other than cash would eventually deplete the source available for the purchase of raw materials, etc. This is contrary to the expressed legislative mandate. In addition, by using the phrase "all monies collected," the legislature eliminated any other method of payment. The applicable rule of statutory construction is that the expression of one is the exclusion of another. Ex parte McIver, 586 S.W.2d 851, 856 (Tex. Crim. App. 1979).

The transfer of articles and products to the counties is equivalent to withdrawing money from the industrial fund. It is our conclusion that compensation for the transportation of prisoners to the state facility was not a contemplated use for the monies deposited with the industrial revolving fund. Pursuant to article 6203c, section 9(1), all monies collected from the sale or disposition of prison-made goods must be deposited in the industrial revolving fund, and "used solely for the purchase of raw materials," etc.

We note, however, that it might be possible for sheriffs to be reimbursed pursuant to article 4351b, V.T.C.S., the Miscellaneous Claims Act, as budgeted to the Comptroller of Public Accounts. General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. I, at 3383.

### S U M M A R Y

Under article 6166r, V.T.C.S., the authority given to the director of the Texas Department of Corrections to provide for the transportation of prisoners to the state facility does not include the discretion to contract on a "credit barter system" with the county that performs such services.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa &
Ann Kraatz
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Ann Kraatz
Jim Moellinger