**Robert Amos BOGANY, Appellant.**

v.

**The STATE of Texas, Appellee.**

**No. 317–83.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1983.

Gladys R. Goffney, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin Hartmann, Larry Schreve and Timothy G. Taft, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of aggravated robbery. On a finding of one prior conviction for enhancement, punishment was assessed at 60 years and a $10,000 fine. The Court of Appeals found this punishment verdict was unauthorized by law because under V.T.C.A., Penal Code Sec. 12.42(c), no fine was authorized. It then reformed the verdict under Art. 44.24(b), V.A.C.C.P., and overruled the ground of error. We granted the petition for review to consider appellant's challenge to the Court of Appeals' authority to reform the verdict.

Art. 44.24(b) provides:

"(b) The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, *or may reform and correct the judgment* or may enter any other appropriate order, as the law and nature of the case may require." (Emphasis added.)

In *Milczanowski v. State,* 645 S.W.2d 445, 447 (Tex.Cr.App.1983), the Court held:

"... reformation of judgment and sentence may be done *only to cause those instruments to reflect the true finding of the fact finder* when such a finding is reflected in the verdict or, in a bench trial, the pronouncement of the court's finding." (Emphasis added.)

Elsewhere it has been held:

"*Where the Court has the necessary data and evidence before it* for reformation, the judgment may be reformed on appeal. *Hancock v. State,* 491 S.W.2d 139 [Tex.Cr.App.1973]; *Vasquez v. State,* 477 S.W.2d 629 [Tex.Cr.App.1972]." *Brewer v. State,* 572 S.W.2d 719, 723 (Tex.Cr.App. 1978). (Emphasis added.)

The authority of a court on appeal to reform the judgment and sentence does not extend to the situation in this case. Here, the error was not that the judgment was contrary to the verdict. The error was a verdict unauthorized by law.

Reliance by the Court of Appeals on *Daniels v. State,* 527 S.W.2d 549 (Tex.Cr.App. 1975), was misplaced. In that case the issue addressed was an improper charge on punishment. Here the issue is an unlawful verdict. The verdict in *Daniels* was not unauthorized.

In *Smith v. State,* 479 S.W.2d 680 (Tex. Cr.App.1972), the conviction was reversed because the punishment verdict returned by the jury was unauthorized by law. In ordering reversal the Court held:

"The verdict having been received by the court and entered of record, the court in its judgment and sentence was not entitled to change the verdict of the jury. The verdict having been void at its inception and the trial court not having the authority to change the same in doing so committed reversible error."

See also *Ex parte McIver,* 586 S.W.2d 851 (Tex.Cr.App.1979).

The controlling law did not authorize the Court of Appeals to change the verdict rendered by the jury. The verdict was unauthorized by law and, under the cases cited, was "void at its inception." The verdict must be set aside.

The judgments of the Court of Appeals, 646 S.W.2d 663, and the trial court are reversed and the cause is remanded.

ONION, P.J., concurs in the result.

TEAGUE, Judge, concurring.

Over 11 years ago, this Court decided *Ocker v. State,* 477 S.W.2d 288 (Tex.Cr.App. 1972), wherein Judge Truman Roberts, the author of the opinion on Appellant's Motion for Rehearing, expressly pointed out the following: "This Court has long held that it may not reduce the punishment assessed by the jury." (Citations omitted). Since that date, many decisions have been written on that subject by members of this Court, with all repeating the same words that Judge Roberts stated in *Ocker.* The Legislature has had occasion to meet several times since *Ocker* was decided. However, it has never seen fit to give this Court or any intermediate appellate court of this State authority to assess punishment or reduce punishment assessed by a jury where the conviction was for a non-capital felony. The Legislature, however, has seen fit to grant this Court authority to reform a sentence of death, but only in the instance where the evidence is found to be insufficient to support an affirmative answer to an issue submitted to the jury under Art. 37.071(b), V.A.C.C.P. In that event, this Court has authority to

reduce a sentence of death to life imprisonment. See Art. 44.251, V.A.C.C.P.

In this instance, the jury was granted permission by the trial court to assess a punishment which included a fine. This was impermissible under the provisions of the law that controlled this cause. Because the jury could not assess a fine, in addition to the time assessed, its verdict was void at the inception. *Villarreal v. State,* 590 S.W.2d 938 (Tex.Cr.App.1979); *Ex parte McIver,* 586 S.W.2d 851 (Tex.Cr.App.1979); *Smith v. State,* 479 S.W.2d 680 (Tex.Cr.App. 1972).

Appellant's indictment not only informed him of what he was accused of committing, which was the first degree felony offense of aggravated robbery, but it also informed him of the possible punishment that could be assessed if he was found guilty. Pursuant to V.T.C.A., Penal Code, Section 12.-42(c), the State chose to indict appellant as a repeat offender. Ordinarily, when the State acts in that fashion, the punishment is increased from that which is available for the unenhanced offender. However, for reasons known only to those members of the Legislature who voted in 1979 to amend the provisions of V.T.C.A., Penal Code, Sec. 12.32, to permit the assessment of both time and a fine for the commission of a first degree felony offense, it failed to amend V.T.C.A., Penal Code, Sec. 12.42(c), which provides the range of punishment for one who has previously been convicted of a felony offense and thereafter commits a first degree felony offense. Sec. 12.42(c), as worded at the time the jury assessed appellant's punishment, did not provide for the assessment of a fine. Therefore, the jury erroneously assessed as part of appellant's punishment a fine. This it could not do, and the intermediate appellate court and this Court are without authority to either assess a different punishment, reduce the punishment assessed, or reform the punishment assessed.

There is yet another reason this cause must be reversed. The error in the jury's

verdict actually occurred because the trial court's charge was fundamentally erroneous. See *Taylor v. State,* 549 S.W.2d 722 (Tex.Cr.App.1977). Fundamental error in the court's charge may be raised for the first time on appeal. It can never be harmless error. *Ex parte McIver,* supra; *Taylor,* supra; *Smith,* supra; *Batten v. State,* 549 S.W.2d 718 (Tex.Cr.App.1977); *Ex parte Brown,* 575 S.W.2d 517 (Tex.Cr.App.1979); *Coby v. State,* 518 S.W.2d 829 (Tex.Cr.App. 1975).

The majority of the Court of Appeals erroneously reformed appellant's punishment. It was without authority to do that. This Court correctly reverses its judgment.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge, dissenting.

This is a petition for discretionary review from the Houston Court of Appeals, First Supreme Judicial District. Appellant was convicted of burglary of a habitation. At the punishment phase of the trial, the court charged the jury that if they found the allegation of one prior conviction to be true they should assess punishment at confinement for life or for any term of years not less than fifteen nor more than ninety-nine. The court also instructed the jury that they could also assess a fine not to exceed $10,-000. The jury sentenced appellant to seventy-five years and assessed a $10,000 fine. The Court of Appeals reformed and affirmed the judgment of the trial court, finding that the imposition of a fine was not authorized by law and thus it should be deleted. On petition for discretionary review, appellant argues that since the judgment and sentence reflected a punishment unauthorized by law the conviction must be reversed.

It appears that in their interpretation of V.T.C.A., Penal Code, Section 12.42(c), everyone heretofore involved in this case, including the majority, has ignored the 1979 amendment to V.T.C.A., Penal Code, Section 12.32. Section 12.42(c), supra, reads as follows:

"(c) If it be shown on the trial of a *first-degree felony* that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years." (Emphasis added)

In 1979, Section 12.32, supra, which set out punishment for first degree felonies, was amended by adding a new paragraph which reads as follows:

"(b) *In addition to imprisonment,* an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000. (Emphasis added)

This Court should hold that Section 12.-42(c), supra, is speaking only to the *term of imprisonment* assessed a repeat offender in a first-degree felony. In addition to the enhanced term of imprisonment under Section 12.42(c), supra, a defendant could be assessed a fine not exceeding $10,000 under Section 12.32(b), supra.

It would be totally illogical to read these statutes any other way. To do so would mean that punishment for a repeat offender could be assessed at imprisonment up to life, but punishment for a person convicted solely of a first degree offense with no prior offenses could be assessed at imprisonment up to life *and* a fine not exceeding $10,000. This seems to negate the whole purpose of the statute governing punishment for repeat and habitual felony offenders. Section 12.42, supra.

Because the majority fails to construe the amendment to Section 12.32 in conjunction with the rest of Chapter 12, I must dissent.

W.C. DAVIS and CAMPBELL, JJ., join in this dissent.