Donald Louis **WESTERHOLT**,
Appellant,

v.

**STATE of Texas**, Appellee.

No. A14–83–055CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Apr. 5, 1984.

Discretionary Review Refused
Oct. 17, 1984.

Michael Charlton, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ROBERTSON, Justice.

The conviction is for aggravated robbery. A previous conviction was utilized to enhance punishment. Questions before us concern the punishment assessed and the sufficiency of the evidence. We reverse.

In his second and third grounds of error appellant alleges fundamental error

in the jury's assessment of a fine of $32.00 in addition to confinement for 50 years. Appellant entered a plea of true to the previous conviction and the court instructed the jury to assess punishment at "not less than 15 years nor more than 99 years, or life; and in your discretion you may assess a fine not to exceed $10,000.00." There was no objection to the charge and the matter is raised for the first time on appeal. In *Bogany v. State*, 661 S.W.2d 957, 959 (Tex.Crim.App.1983), a majority of the Court of Criminal Appeals held that a fine in addition to confinement was not authorized as punishment for a first degree felony conviction enhanced by a prior felony, and that a jury verdict assessing same rendered the verdict "void at its inception." Consequently, they held the unauthorized fine could not be deleted by a reformation of the judgment. While we disagree with this holding, we are bound by it and, accordingly, sustain appellant's contention.

 In his first ground of error, appellant attacks the sufficiency of the evidence to prove the complainant was threatened and placed in fear of death or serious bodily injury. In support of his contention he candidly sets out the following in his brief:

The complainant, Robert McNinch, testified that he was employed as a security officer for J.C. Penney in Houston. On the date of the offense, he saw the appellant and a girl steal some shoes from J.C. Penney. He testified that he followed the two to the J.C. Penney parking lot and two other security officers were screaming as if they were afraid of something. One of the other officers was screaming "He has a gun." McNinch approached the passenger side of the car and saw the appellant with a chain in his right hand and a gun in his left hand.

Q. It appeared to be real?

A. Yes, sir.

Q. At that time, were you in fear of serious bodily injury or death?

A. Yes, sir.

Q. Did you know what would happen or did anything go through your mind, as far as what might happen if something were to go wrong?

A. I felt if I had tried to get closer to the car I didn't know what would happen?.

Q. You think you might have been shot?

A. Very possibly.

As we understand it, appellant's argument is that the evidence is not strong enough "to prove that the threat of imminent bodily injury and death [was] communicated to McNinch by the use of a deadly weapon." We disagree. The *weight* to be given the evidence is for the jury. The evidence quoted above is sufficient in *law* to uphold a jury finding of a threat of serious bodily injury or death to have been made. There is sufficient evidence to support the conviction. This point of error is overruled.

The judgment is reversed and remanded for a new trial.