

# THE ATTORNEY GENERAL
## OF TEXAS

July 6, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Gary W. Rholes
Shelby County Attorney
104 Church Street
Center, Texas    75935

Opinion No. JM-738

Re: Authority of a county attorney to hire an investigator without approval of the commissioners court, where payment will be made solely from funds collected pursuant to article 53.08 of the Code of Criminal Procedure

Dear Mr. Rholes:

You ask about the authority of a county attorney to hire an investigator without approval of the commissioners court when payment of the investigator's salary will be made solely from funds collected pursuant to article 53.08 of the Code of Criminal Procedure.

You note that funds collected under article 53.08 are to be expended "at the sole discretion of the attorney" and that section 41.102 of the Government Code provides that a prosecutor "may employ . . . investigators . . . and other office personnel that in his judgment are required for the proper and efficient operation and administration of the office." Your concern is prompted by section 41.106(a) of the Government Code which allows the prosecuting attorney to fix the salaries of investigators and other office personnel "subject to the approval of the commissioners court."

Attorney General Opinion MW-439 (1982) addressed the question of expenditures by a criminal district attorney from the fund established by article 53.08. It states:

> Article 53.08 of the Code of Criminal Procedure authorizes a county attorney, district attorney, or criminal district attorney to collect a fee if his office processes a hot check under certain circumstances. It further provides that:
>
> > (e) Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the

attorney, and may be used <u>only</u> to defray
the salaries and expenses of the
prosecutor's office. . . . (Emphasis
added).

This statute creates a special fund which is in
the county treasury, but which is segregated from
other county funds and earmarked for a specific
purpose. More importantly, the statute states
that the fund is to be administered by county
attorneys, district attorneys, and criminal
district attorneys, and that, within the limits
set out therein, expenditures from the fund are to
be made at their sole discretion. The express
enumeration of particular persons or things in a
statute is tantamount to an express exclusion of
all others. <u>Ex parte McIver</u>, 586 S.W.2d 851 (Tex.
Crim. App. 1979). Thus, by virtue of the express
language of the statute, the hot check fund is
explicitly placed beyond the reach of the
commissioners court.

By its terms, article 2368a applies only where
a county acts 'through its Commissioners Court.'
It follows, in our opinion, that the statute is
not triggered unless, in making a specific
purchase, a county acts through its commissioners
court. Article 1659a does not contain this
precise language, but it does state that contracts
for the purchase of supplies and materials are to
be awarded to the party who 'in the judgment of
the Commissioners Court' submits the lowest and
best bid. This is sufficient to convince us that,
like article 2368a, article 1659a does not come
into play where a commissioners court is not
involved with the purchase in question.

We have noted that article 53.08 gives the
exclusive right to administer the hot check fund,
and to make purchases from it, to county
attorneys, district attorneys, and criminal
district attorneys. Because commissioners courts
are without any right to administer the fund or to
be involved in making expenditures from it, we
conclude, for the reasons set forth above, that
articles 2368a and 1659a are inapplicable in this
purchasing context. In this respect, it should be
noted that to conclude that these statutes are
applicable is to give commissioners courts an
indirect means of controlling the fund, a result
contrary to the express terms of article 53.08

and, therefore, to the legislature's intent.  A commissioners court could, for example, refuse to accept any or all bids in a particular instance and thus interfere with the exclusive right of the designated individuals to administer the fund and to determine when, for what purposes, and under what circumstances expenditures will be made from it.

Attorney General Opinion JM-313 (1985) expressly states that the prosecuting attorney may make expenditures from the hot check fund to hire staff without the prior authorization of the commissioners court. Since article 53.08 gives the exclusive right to county attorneys, district attorneys and criminal district attorneys in administering the fund to defray the salaries and expenses of the prosecutor's office, it is our opinion that you may hire an investigator and set his salary without approval of the commissioners court where payment of the salary is made from such fund.

## S U M M A R Y

Approval of the commissioners court is not required for a county attorney to hire an investigator and set his salary where the expenditure for same is derived solely from funds collected under article 53.08 of the Code of Criminal Procedure.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General