

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 20, 1989

Honorable Tom O'Connell
Collin County Criminal
  District Attorney
Collin County Courthouse
McKinney, Texas 75069

Opinion No. JM-1121

Re: Authority of a sheriff to contract regarding the jail commissary without consulting the county purchasing agent (RQ-1846)

Dear Mr. O'Connell:

You ask whether the sheriff may enter into a contract regarding the county jail commissary without consulting the county purchasing agent. In analyzing your question, a brief review of statutes and attorney general opinions concerning the authority of county officers to contract and make expenditures is necessary.

Attorney General Opinion JM-974 (1988) concluded that in counties with county purchasing agents,[1] the county purchasing agent must make all purchases that are not subject to the competitive bidding requirements of section 262.023 of the Local Government Code.

Attorney General Opinion MW-439 (1982) concluded that items purchased with profits from the jail commissary were subject to the competitive bid requirements the same as other purchases made for county officers. The opinion found that the fact that article 5116, V.T.C.S. (now section 351.041 of the Local Government Code), makes the sheriff responsible for operation of the jail does not constitute an exception to the requirement that the commissioners court must make purchases subject to the competitive bidding procedure. (The matter of a county purchasing agent was not in issue.) See Attorney General Opinion JM-783 (1987).

---

1. Section 262.011 of the Local Government Code provides that in a county with a population of 74,000 or more persons, a county purchasing agent may be appointed.

Certain statutes vest county officers with authority to make expenditures without regard to the county purchasing agent or the competitive bidding process. Within the limits set out in article 53.08 of the Code of Criminal Procedure (now Code of Criminal Procedure article 102.007), fees derived from the collection of hot checks are expendable at the sole discretion of county attorneys, criminal district attorneys, and district attorneys. Expenditures from funds generated by forfeitures under section 5.08 of article 4476-15, V.T.C.S., are administered by the seizing agencies or the office to which they are forfeited. See Attorney General Opinion JM-313 (1985).

The 71st Legislature amended subchapter C of chapter 351 of the Local Government Code by adding section 351.0415 providing that a sheriff may operate a commissary for use of the prisoners in a county jail. The bill enacting section 351.0415 provides:

> (a) The sheriff of a county with a population of under 200,000 according to the last federal census _may operate, or contract with another person to operate, a commissary_ for the use of the prisoners committed to the county jail. The commissary must be operated in accordance with rules adopted by the Commission on Jail Standards.
>
> (b) The sheriff:
>
> (1) _has exclusive control of the commissary funds;_
>
> (2) shall maintain commissary accounts showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds; and
>
> (3) _shall accept new bids to renew contracts of commissary suppliers every five years._
>
> (c) _The sheriff may use commissary proceeds only to:_
>
> (1) fund, staff, and equip a program addressing the social needs of the county prisoners, including an educational or

recreational program and religious or rehabilitative counseling;

(2) supply county prisoners with clothing, writing materials, and hygiene supplies;

(3) establish, staff, and equip the commissary operation; or

(4) fund, staff, and equip a library for the educational use of county prisoners.

(d) At least once each quarter of a county's fiscal year, or more often if the county auditor desires, the auditor shall, without advance notice, fully examine the jail commissary accounts. The auditor shall verify the correctness of the accounts and report the findings of the examination to the commissioners court of the county at its next term beginning after the date the audit is completed.

SECTION 2. This Act takes effect September 1, 1989, and on that date, the operation and unexpended proceeds of any existing county jail commissary shall be delivered to the sheriff of the county in which the commissary is located. (Emphasis added.)

H.B. 669, Acts 1989, 71st Leg., ch. 980, at 4056 (effective Sept. 1, 1989).

Section 351.0415 gives the sheriff exclusive control of the commissary funds, requires the sheriff to accept new bids to renew contracts of suppliers every five years, vests the sheriff with authority to equip the commissary, and fund and staff a library for the prisoners. The sheriff is not only empowered to operate the commissary, but is also authorized to execute a contract for another person to operate the commissary.

The express enumeration of particular persons or things in a statute is tantamount to an express exclusion of all others. Ex parte McIver, 586 S.W.2d 851 (Tex. Crim. App. 1979).

We conclude that by virtue  of the express language  of section 351.0415,  the sheriff  may  enter into  a  contract regarding the county jail commissary without consulting  the county purchasing agent or being subject to action taken  by the commissioners  court in  a competitive  bidding  process under section 262.023.

We do  note that  certain  limitations are  imposed  on expenditures by the statute and that the commissary must  be operated in accordance with rules adopted by the  Commission on Jail Standards.

### S U M M A R Y

Section 351.0415 of  the Local  Government Code authorizes the Collin County Sheriff  to enter into  a contract  regarding the  county jail commissary without consulting the county purchasing agent.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General