

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00170-CR

**JOSE SILVERIO LUGO,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

From the 278th District Court
Walker County, Texas
Trial Court No. 24229

## MEMORANDUM OPINION ON
## PETITION FOR DISCRETIONARY REVIEW

Jose Silverio Lugo appeals from a conviction for violating a protective order pursuant to Texas Penal Code Section 25.07. TEX. PEN. CODE ANN. § 25.07 (Vernon 2003). The trial court assessed punishment at confinement for eight (8) years in the Texas Department of Criminal Justice – Institutional Division. *See* TEX. PEN. CODE ANN. § 25.07(g).

On original submission, this Court affirmed the judgment. *See Lugo v. State*, No. 10-09-00170-CR, 2009 Tex. App. LEXIS 9823 (Tex. App.—Waco Dec. 30, 2009). As

authorized by Rule of Appellate Procedure 50, we issue this modified opinion within sixty days after Lugo filed his petition for discretionary review. TEX. R. APP. P. 50. On reconsideration of the issues presented, we will reverse the judgment, remand this cause to the trial court for a new trial on punishment, and withdraw our prior opinion and judgment. *Id*.

Lugo complains that the trial court lacked subject matter jurisdiction over the cause because the indictment as alleged failed to state a felony offense, and, in the alternative, that his sentence is illegal because he was convicted of a misdemeanor offense and sentenced to felony punishment. We hold that complaints about the indictment must be raised prior to the empaneling of the jury. We also hold that the sentence imposed is illegal because Lugo was convicted for the misdemeanor offense of violation of a protective order but sentenced to third degree felony punishment. Therefore, the judgment of the trial court is modified to show that Lugo was convicted for the misdemeanor offense of violation of a protective order, reversed in part, and remanded in part to the trial court for a new trial on punishment.

## *Subject Matter Jurisdiction*

In his first issue, Lugo complains that the district court lacked subject matter jurisdiction over this cause because the indictment did not allege a felony offense, but merely a misdemeanor offense. Lugo did not object to the indictment prior to trial. In 1985, Section 1.14(b) of the Code of Criminal Procedure was amended to require that all defects in indictments, whether of form or substance, must be objected to prior to empaneling the jury in order to preserve the objection for appeal. *See* TEX. CODE CRIM.

PROC. ANN. § 1.14(b) (Vernon 2005). The Texas Court of Criminal Appeals has held that this extends to matters of subject matter jurisdiction in instances such as this, where it is evident from the face of the indictment that the State intended to charge him with a felony offense. *See Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009) (*citing Teal v. State*, 230 S.W.3d at 182 (Tex. Crim. App. 2007)). Further, Lugo's application for probation filed with the trial court indicates his understanding that he was on trial for a third degree felony. We find that Lugo waived any complaint regarding the defectiveness of the indictment by failing to bring his objection to the attention of the trial court. *See* TEX. CODE CRIM. PROC. ANN. § 1.14(b*); see also Kirkpatrick*, 279 S.W.3d at 329. Lugo's first issue is overruled.

*Illegal Sentence*

In his second issue, Lugo argues that his sentence is void because it imposes felony punishment for a misdemeanor conviction. *See Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1979) (holding that when statute authorized jury to recommend probation as to a period of confinement and impose a fine, a sentence that did the opposite by assessing confinement and recommending probation of a fine was deemed void). Lugo was sentenced to imprisonment for eight (8) years, which is within the range of punishment for a third degree felony offense. *See* TEX. PEN. CODE ANN. § 12.34 (Vernon 2003).

*The Jury Charge*

The charge to the jury set forth the following instructions:

A person commits an offense if in violation of a Protective Order, a copy of which was given to the person, the person knowingly or intentionally commits an act in furtherance of the offense of stalking.

A person commits the offense of stalking if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct, including following the other person, that the actor knows or reasonably believes the other person will regard as threatening bodily injury or death or that an offense will be committed against the other person's property; and would cause a reasonable person to fear bodily injury or death for herself or that an offense will be committed against the person's property."

The application paragraph stated:

"Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that … the defendant, Jose Silverio Lugo, did intentionally or knowingly commit an act, to wit: violate the terms of a Protective Order which had been served upon the defendant and further did intentionally or knowingly commit an act in furtherance of the offense of stalking as defined herein, you will find the defendant guilty as charged in the indictment.

A violation of a protective order is a class A misdemeanor unless, at trial, it is shown that Lugo violated the order by committing the offense of stalking, which promotes the offense a third degree felony. TEX. PEN. CODE ANN. § 25.07(g) (Vernon 2005). While the charge properly defined the offense of stalking, it did not seek or require a finding that Lugo actually committed the offense of stalking, merely that he committed an act in furtherance of the offense of stalking. These findings are not the same. Thus, the charge alleged and sought a conviction for a class A misdemeanor offense only. TEX. PEN. CODE ANN. § 25.07(g). The range of punishment for a class A misdemeanor offense is a fine up to $4,000, confinement in a county jail for a period not

to exceed one year, or a combination of both a fine and confinement. TEX. PEN. CODE ANN. § 12.21 (Vernon 2005). Lugo was sentenced to imprisonment for eight years.

The Court of Criminal Appeals has consistently held that a sentence outside the proscribed punishment range is void and illegal. *See, e.g., Mizell v. State*, 119 S.W.3d 804, 806 & n.7 (Tex. Crim. App. 2003) (citing cases from 2002, 2001, 1996, and 1979). An illegal sentence "has no legal effect." *Id.* at 806. Lugo has "an absolute and nonwaiveable right to be sentenced within the proper range of punishment established by the Legislature." *Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999). Because Lugo's sentence is clearly outside of the proscribed range of punishment for the offense for which he was convicted, his sentence is illegal and therefore, void. We sustain Lugo's second issue. Accordingly, we must reverse the trial court's judgment and remand this cause for a new punishment trial.

*Conclusion*

We find that any complaint regarding Lugo's indictment was required to be raised to the trial court prior to the empaneling of the jury. However, we find that the charge to the jury alleged only a misdemeanor offense for which Lugo was convicted and therefore, his eight-year sentence was illegal and void. Accordingly, we reverse the judgment of the trial court and remand this cause for a new punishment trial.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Reversed and remanded
Opinion delivered and filed April 28, 2010
Do not publish
[CR25]