

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-19-00055-CR

DONALD RAY DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 72363-E, Honorable Douglas R. Woodburn, Presiding

April 17, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Donald Ray Davis, appeals the trial court's decision to adjudicate him guilty of the offense of aggravated assault with a deadly weapon, and impose a sentence of ten years' incarceration. We affirm the trial court's judgment.

Factual and Procedural Background

Appellant was indicted for the offense of aggravated assault with a deadly weapon on January 11, 2017. Pursuant to a plea bargain agreement, appellant pled guilty to the

offense on April 20, 2017. The trial court accepted the plea-bargained terms and deferred adjudication of appellant's guilt conditioned upon appellant's adherence to specified terms of community supervision for a period of eight years. On August 1, 2017, the State filed a motion to proceed to an adjudication of guilt, which alleged that appellant had violated three terms of his community supervision. The violations alleged by the State were that appellant committed the crime of arson while he was in Topeka, Kansas; failed to pay a $60 supervision fee for May of 2017; and failed to pay a $100 transfer fee by May 18, 2017.

A hearing was held on the motion on January 30, 2019. Appellant pled "not true" to the State's allegations. Following a brief hearing, the trial court adjudicated appellant guilty of the aggravated assault with a deadly weapon charge and assessed his punishment at ten years' incarceration. From this judgment, appellant timely appeals.

Appellant presents four issues by his appeal. Appellant's first issue contends that the trial court abused its discretion by admitting a document purporting to be a prior conviction of appellant into evidence over appellant's hearsay objection. By his second issue, appellant contends that the trial court violated appellant's right to confrontation. Appellant's third issue contends that the trial court abused its discretion in adjudicating appellant's guilt because the evidence was insufficient to prove that appellant violated the terms of his community supervision. Finally, by his fourth issue, appellant contends that the judgment should be reformed to waive costs or modified to reflect only statutorily authorized costs.

<u>Issues One, Two, and Three</u>

By his first two issues, appellant challenges the trial court's admission of a document purporting to be a judgment reflecting appellant's conviction for arson in Kansas. Appellant's first issue is presented in terms of the evidence being hearsay, while his second issue challenges the evidence as a violation of appellant's confrontation rights. Appellant contends that the judgment was not sufficiently connected to him such that it could be used to establish that he violated the terms of his community supervision. By his third issue, appellant contends that the evidence was insufficient to prove that he violated any terms of his deferred adjudication community supervision.

An appellate court reviews whether a trial court has properly revoked community supervision under an abuse of discretion standard. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (op. on reh'g). An abuse of discretion occurs if the trial court's ruling lies outside the zone of reasonable disagreement, *Henley v. State,* 493 S.W.3d 77, 83 (Tex. Crim. App. 2016), or if its decision is arbitrary, unreasonable, or made without reference to any guiding rules or principles. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019).

To revoke community supervision, whether it be regular probation or deferred adjudication, the State must prove at least one violation of probation by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). A preponderance of the evidence means that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation. *Id.* at 865.

We need not address each of the specific challenges raised by appellant relating to the admission of the Kansas judgment because the State met its burden to prove that appellant violated the terms of his community supervision. The State was required to prove that appellant violated the terms of his community supervision in one of the manners identified in the State's motion to proceed to adjudication. *See id.* at 864-65. It did so when appellant testified that he committed arson and was convicted of the offense in Topeka, Kansas.[1] We note that appellant testified that he committed the arson offense after his trial counsel specifically advised him on the record that his testimony could be used by the trial judge to find the State's allegation to be true. The State was only required to prove that appellant committed a violation of the terms of his community supervision, not that he had been convicted of an offense. *See Hancock v. State*, 491 S.W.2d 139, 141 (Tex. Crim. App. 1973). Likewise, proof by a preponderance of the evidence establishing that appellant violated one ground for revocation is sufficient to support the trial court's decision to proceed to an adjudication of appellant's guilt. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Because the evidence established that appellant violated a term of his community supervision that was alleged by the State, any error in the admission of the Kansas judgment was rendered harmless. *See Moreno v. State*, Nos. 01-15-00997-CR, 01-15-00998-CR, 2017 Tex. App. LEXIS 726, at *6-7 (Tex.

---

[1] Appellant contends that he was "essentially forced to testify" after the Kansas judgment was admitted into evidence. The record does not reflect appellant's motivation for testifying. Certainly, the record does not establish that appellant felt compelled to testify to rebut the Kansas judgment when his testimony established that he had committed the offense reflected in the Kansas judgment. Likewise, appellant fails to cite any authority that would support the position that a decision to testify is rendered involuntary when it is induced by a trial court's evidentiary error. *See Vercher v. State*, No. 03-13-00799-CR, 2015 Tex. App. LEXIS 10337, at *9-10 (Tex. App.—Austin Oct. 7, 2015, no pet.) (mem. op., not designated for publication) ("Vercher has not cited any authority in support of his argument that a defendant's decision to testify is not voluntary when made in response to alleged errors committed by the trial court.").

App.—Houston [1st Dist.] Jan. 26, 2017, no pet.) (mem. op., not designated for publication) ("Any error in admitting Cruz's out-of-court statements was harmless, as the rest of the evidence established other grounds sufficient to adjudicate Moreno's guilt.").

Because appellant's testimony is sufficient to establish that the State properly proved a ground for adjudication, we overrule each of appellant's first three issues.

Issue Four

By his fourth issue, appellant contends that the trial court's judgment adjudicating appellant guilty should be reformed to waive costs assessed against appellant or to reflect only those costs for which there is a statutory basis.

"[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). In reviewing the assessment of court costs on appeal, we determine if there is a basis for the cost, not if there was sufficient evidence offered at trial to prove each cost. *Id.* "Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay." *Young v. State*, No. 12-19-00263-CR, 2019 Tex. App. LEXIS 11269, at *2 (Tex. App.—Tyler Dec. 31, 2019, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong*, 340 S.W.3d at 767; and *Johnson v. State*, 405 S.W.3d 350, 353 (Tex. App.—Tyler 2013, no pet.)).

While the trial court did not determine whether appellant had a present ability to pay costs, the assessment of costs is authorized even if appellant has no present ability to pay. *Id.* The trial court determined that appellant did not have a present ability to pay costs but that he will in the future. We do not find anything erroneous in this determination.

Appellant also contends that the "Sheriff Fees" and "Sheriff Service Fee" that were assessed against him in the Bill of Costs do not have statutory mandates. Article 102.011 of the Texas Code of Criminal Procedure authorizes the imposition of fees for services provided by peace officers. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011 (West Supp. 2019). In the original Bill of Costs that was attached to the trial court's January 30, 2019 judgment, the Sheriff's Fees assessed against appellant were itemized as follows: $10.00 for bonds, $5.58 for subpoena service, $60.00 for warrants, and $445.00 for transportation expenses. Each of these fees are mandated by article 102.011. When a subsequent Bill of Costs was issued, it listed a $10.00 Sheriff Fee and a $510.58 Sheriff Service Fee. It appears that the $510.58 Sheriff Service Fee combines the $5.58 subpoena service, $60.00 warrants, and $445.00 transportation expenses. The Sheriff Fees in the subsequent Bill of Costs appear to reflect the $10.00 bond fee. Appellant does not challenge the itemized fees assessed in the original Bill of Costs and it appears that each of these fees are specifically authorized by article 102.011.

We overrule appellant's fourth issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.