

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1051-15

### THE STATE OF TEXAS

### v.

### CHRISTOPHER LEE SUTTON, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### MONTGOMERY COUNTY

**RICHARDSON, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Appellant, Christopher Lee Sutton, was charged with having an improper relationship between educator and student.[1]  The indictment alleged that appellant was an employee of Caney Creek High School (CCHS) when he engaged in sexual contact or deviant sexual intercourse with G.T., a person enrolled at CCHS.  Appellant was convicted on all five

---

[1] TEX. PENAL CODE § 21.12(a)(1) provides that (a) An employee of a public or private primary or secondary school commits an offense if the employee . . . (1) engages in sexual contact, sexual intercourse, or deviate sexual intercourse with a person who is enrolled in a public or private primary or secondary school at which the employee works[.]"

counts and received a ten year probated sentence on each count. The Ninth Court of Appeals reversed appellant's convictions, holding that the record does not contain legally sufficient evidence to allow the jury to reasonably conclude that appellant worked at Caney Creek High School.[2] We granted the State's petition for discretionary review to examine this holding.[3] We affirm.

Two parts of Section 21.12(a)(1) implicated by appellant's sufficiency claim on direct appeal were: whether appellant was "an employee of a public or private primary or secondary school," and whether appellant "work[ed] at" a public or private primary or secondary school where the complainant was enrolled. Thus, the questions for purposes of appellant's sufficiency claim were, (1) was appellant an employee of CCHS, and (2) did he "work at" CCHS.

---

[2] *Sutton v. State*, 469 S.W.3d 607, 610 (Tex. App.—Beaumont 2015).

[3] We granted the State's petition for discretionary review to address the following two grounds:

1.   The Ninth Court of Appeals, in a 2-1 decision, incorrectly interpreted section 21.12(a) of the Penal Code to require the accused to be an official employee of a particular school, rather than the school district, to be considered an "employee of a public or private primary or secondary school."

2.   The lower court abandoned the correct standard of review in holding that the jury could not reasonably infer the appellant worked at a particular school where the evidence showed he was required to supervise police activities at that school and he was known to have been physically present on campus while exercising his employment duties.

The court of appeals correctly cited to *Jackson v. Virginia*[4] as the proper standard for reviewing the legal sufficiency of the evidence.[5] The evidence at trial showed that appellant was employed by Conroe Independent School District (CISD) Police Department, not CCHS.[6] Several other witnesses at trial, including G.T., provided testimony supporting appellant's contention that he did not work for, or at, CCHS. Appellant was assigned to The Woodlands feeder system. Appellant was not assigned to CCHS or to the feeder system in which CCHS was located. Appellant officed at the CISD Police Department command center, not at CCHS.

The State argues that, although Section 21.12(a)(1) does not state that it applies to a school *district* employee—which appellant was—it is clear that was the intent of the Legislature. While it is true that employees of a school are generally also considered to be employees of the school district overseeing that school, the inverse may or may not be true, depending on the facts of the case. We are not persuaded that the Legislature intended section 21.12(a)(1) to apply to appellant under this set of facts. Had he been assigned to CCHS or to its feeder system, his status as an employee of the school would have been a closer call. But, as an employee of the CISD Police Department, assigned to a feeder system

---

[4] 443 U.S. 307, 318-19 (1979).

[5] *Sutton*, 469 S.W.3d at 608 ("Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt."). *See also Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

[6] The custodian of records for CISD testified that appellant was an employee of CISD, and was not an employee of CCHS.

that did not encompass CCHS, we conclude that the evidence was legally insufficient to support the jury's verdict that appellant was an employee of CCHS.

The State argues that the Legislature intended Section 21.12(a)(1) to apply to a broad class of school employees and that appellant would be included in that group. However, this argument ignores Section 21.12(a)(2), which expressly incorporates a specific list of school district employees to which the statute applies.[7] Significantly, police officers are not

---

[7] TEX. PEN. CODE § 21.12(a)(2) provides that

    (a)    An employee of a public or private primary or secondary school commits an offense if the employee . . .

    (2)    holds a certificate or permit issued as provided by Subchapter B, Chapter 21, Education Code, or is a person who is required to be licensed by a state agency as provided by section 21.003(b), Education Code, and engages in sexual contact, sexual intercourse, or deviate sexual intercourse with a person the employee knows is:

        (A)    enrolled in a public primary or secondary school in the same school district as the school at which the employee works; or

        (B)    a student participant in an educational activity that is sponsored by a school district or a public or private primary or secondary school, if:

            (I)    students enrolled in a public or private primary or secondary school are the primary participants in the activity; and

            (ii)    the employee provides education services to those participants; or

    (3)    engages in conduct described by Section 33.021, with a person described by Subdivision (1), or a person the employee knows is a person described by subdivision (2)(A) or (B), regardless of the age of that person.

included on that list.[8]  It is a general rule of statutory construction that the express mention of one thing is tantamount to an exclusion of others.[9]  Section 21.12(a)(1) was clearly intended to apply to school employees engaging in sexual activity with students enrolled at the school where that employee works.  Section 21.12(a)(2) was clearly intended to apply to a broader, specific list of school *district* employees.  Appellant does not fall within either subsection.  If the Legislature intended that police officers—such as appellant, under these facts—be included among the school district employees listed in Section 21.12(a), it would have specifically included them.

The statute's plain language limits the application of Section 21.12(a)(1) to an employee's sexual contact with a student enrolled at the school where the "employee works." As noted above, there was no evidence presented showing that appellant had ever worked at CCHS.  There was evidence that CISD officers generally have "overlapping responsibilities" to respond to all of the feeder systems throughout the school district, that appellant was assigned to be the mentor for the sergeant assigned to the Caney Creek feeder, that appellant supervised school district programs made available to students such as G.T., and that appellant would occasionally pick G.T. up after school when he was off duty.

---

[8] Section 21.003(b) of the Education Code includes the following school district employees who are required to obtain certification:  audiologist, occupational therapist, physical therapist, physician, nurse, school psychologist, associate school psychologist, licensed professional counselor, marriage and family therapist, social worker, and speech language pathologist.

[9] *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex. Crim. App. 1979).

Justice Leanne Johnson points out in her dissenting opinion that Chief Harness, the Chief over the C.I.S.D. Police Department, testified that appellant's work included coverage at CCHS because he was assigned to mentor the Sergeant assigned to CCHS.[10] However, we conclude that this evidence would not support a reasonable inference that appellant *worked at* CCHS. Appellant's connection to CCHS was too tenuous to reasonably support the jury's finding that he worked at CCHS. We agree with the court of appeals that the record does not contain legally sufficient evidence to allow the jury to reasonably conclude that appellant worked at CCHS.

Although the court of appeals failed to expressly distinguish and separately address the two elements required to support a conviction under section 21.12(a)(1), we find that the court's holding sufficiently encompassed both issues. We agree with the court of appeals's conclusion that "[t]he record demonstrates that [appellant] was an employee of CISD Police Department" and "the record does not contain legally sufficient evidence to allow the jury to reasonably conclude that [appellant] worked at Caney Creek High School." We affirm the judgment of the Ninth Court of Appeals.

DELIVERED:      September 14, 2016

PUBLISH

---

[10] *Sutton*, 469 S.W.3d at 613 (Johnson, J., dissenting).