# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20323

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2019

Lyle W. Cayce
Clerk

BRIAN ORTIZ,

Plaintiff-Appellant,

v.

MONTGOMERY COUNTY, TEXAS; BRETT LIGON; PHIL GRANT; TIANA SANFORD,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3357

Before WIENER, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

The defendants in this case are three prosecutors from the District Attorney's Office in Montgomery County, Texas ("DA's Office"). The DA's Office prosecuted Brian Ortiz for engaging in improper sexual contact with a student in violation of Texas Penal Code § 21.12. The DA's Office later dismissed the charges. Ortiz responded by suing the defendants under 42

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20323

U.S.C. § 1983 for allegedly prosecuting him in violation of the First, Fourth, and Fourteenth Amendments. The district court dismissed the complaint. We affirm.

I.

In 2013, Ortiz was a twenty-five-year-old man. He worked as a referee for sporting events in Conroe Independent School District, including events at Caney Creek High School. In January 2013, Ortiz began dating Trey Trott, an eighteen-year-old student at Caney Creek.

On February 25, 2013, the DA's Office applied for a warrant to arrest Ortiz. The warrant application alleged Ortiz had criminally inappropriate contact with Trott, in violation of Texas Penal Code § 21.12. That provision makes it a crime for "[a]n employee" of a school to commit certain sexual acts with a student who is enrolled in the "school at which the employee works." *Id.* § 21.12(a)(1).

The warrant application also included an affidavit by a peace officer named John Stephenson. That affidavit detailed the sexual contact between Ortiz and Trott. It averred Trott was a student in Conroe ISD. And it said: "Affiant knows that Brian Joseph Ortiz has been employed by the Conroe Independent School District since September of 2011." The magistrate found probable cause. Police arrested Ortiz.

On September 14, 2016, the Texas Court of Criminal Appeals announced a new interpretation of Texas Penal Code § 21.12. *See State v. Sutton*, 499 S.W.3d 434 (Tex. Crim. App. 2016). According to that court, a Conroe ISD police officer who worked throughout the district—including at Caney Creek High School—nonetheless did not "'work'" at Caney Creek High School. *Id.* at 437–38 (quoting TEX. PENAL CODE § 21.12(a)(1)); *but see Sutton v. State*, 469 S.W.3d 607, 611–14 (Tex. App.—Beaumont 2015) (Johnson, J., dissenting).

2

No. 18-20323

The same day the court issued its decision in *Sutton*, the DA's Office dismissed the charges against Ortiz.

Unsatisfied, Ortiz sued the prosecutors under 42 U.S.C. § 1983. Ortiz argued he never should have been arrested in the first place. That is so, he said, because Conroe ISD referees are *independent contractors*, not "employees" as required by Texas Penal Code § 21.12.

The district court dismissed Ortiz's complaint. It held, in relevant part, that the prosecutors acted reasonably—not maliciously—in prosecuting Ortiz and then dismissing the charges after *Sutton*. It held the prosecutors did not violate the Fourth Amendment because they had probable cause to arrest Ortiz for having sex with a student. And it held the prosecutors did not violate the First Amendment because they had no retaliatory motive to prosecute Ortiz for having sex with a student.

## II.

We need not reach the merits of Ortiz's claims because they are all barred by absolute immunity. It is well settled "that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). The prosecutors' actions in this case fall squarely within that immunity. Ortiz's only allegations to the contrary are conclusory and hence irrelevant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

AFFIRMED.

3